GEORGE W. HUTSON, Respondent, v. THE MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 7, and May 30, 1892.

1. Fellow-Servants: SECTION FOREMAN. A section foreman is not a
fellow-servant of the men under his charge.

2. ———: INJURY TO SECTION MAN BY FOREMAN. Three or four section
men, including plaintiff and his foreman, were endeavoring to pull a
tie from under the rails. The foreman's pick slipped out and he made
a quick "overhand" stroke at the tie, and, in so doing, he injured
plaintiff. Plaintiff was working as ordered at the time. *Held*, the
stroke was negligence, and the section foreman was not the fellow-
servant of plaintiff, but was a vice-principal. (*Following Dayharsh v.
Railroad*, 103 Mo. 570, and *distinguishing Moore v. Railroad*, 85 Mo.
588.)

3. Evidence: SUPPORT OF HOSPITAL. Evidence that defendant's hos-
pital was supported by taking a certain sum off each employe's check
is not improper, where defendant has had the plaintiff state he was
sent to the hospital.

*Appeal from the Cole Circuit Court.*—HON. E. L.
EDWARDS, Judge.

AFFIRMED.

*H. S. Priest* and *Wm. S. Shirk*, for appellant.

(1) The court erred in giving the plaintiff's first
instruction. There was no evidence whatever of any
negligence on the part of Battles. All the evidence
shows that, if injury was not caused by plaintiff moving
his head, it was, nevertheless, a mere accident, without
negligence, and within the risk assumed by plaintiff as
incident to his employment. *Grant v. Railroad*, 45
Fed. Rep. 673; *Jackson v. Railroad*, 16 S. W. Rep. 413;
*Rodman v. Railroad*, 55 Mich. 57. At the time Battles

injured the plaintiff, he had dropped the character and duties of a representative of the master, and was engaged in the same actual manual labor in which the plaintiff was engaged; was assisting the plaintiff in doing his work; was within the line of his duty in so doing, and was a fellow-servant. Under such circumstances, plaintiff is not entitled to recover. Wood on Master & Servant, p. 863, sec. 449, p. 886, sec. 461, p. 887; *Brickner v. Railroad,* 49 N. Y. 672; *Harper v. Railroad,* 47 Mo. 567, 580; *Laning v. Railroad,* 49 N. Y. 521; *Moore v. Railroad,* 85 Mo. 588, on 596-7; *Hoke v. Railroad,* 88 Mo. 360, on 371; *Crispin v. Babbitt,* 81 N. Y. 516; *McCosker v. Railroad,* 84 N. Y. 77; *Slater v. Jewell,* 85 N. Y. 61; *Jenkens v. Ore Co.,* 10 N. Y. S. Ct. Rep. 484; *Sayward v. Carlson,* 23 Pac. Rep. 830; *Loughlin v. State,* 11 N. E. Rep. 371-2; *May v. Railroad,* 15 Am. & Eng. R. R. Cases, 320, 324. (2) It was error, prejudicial to the defendant, to admit the evidence of W. A. Swearington, that the Missouri Pacific hospital was supported by a monthly stipend taken from the wages of its employes.

*Edwards & Davidson* and *Pope & Waldecker,* for respondent.

(1) The plaintiff was clearly entitled to a verdict under the evidence, and the first instruction given for the plaintiff was clearly the law. *Cox v. Granite Co.,* 39 Mo. App. 424, and the numerous authorities there cited; *Stephens v. Railroad,* 96 Mo. 207; *Stephens v. Railroad,* 86 Mo. 221; *Banks v. Railroad,* 40 Mo. App. 458, and authorities cited; *Hoke v. Railroad,* 88 Mo. 360; *Taylor v. Railroad,* 16 S. W. Rep. 206; *Dayharsh v. Railroad,* 15 S. W. Rep. 554. (2) Battles, as defendant's section foreman, was a vice-principal of defendant, and, hence, not a fellow-servant with plain-

tiff; and his negligent act was the negligent act of defendant. *Stephens v. Railroad*, 96 Mo. 207; *Stephens v. Railroad*, 86 Mo. 221; *McDermott v. Railroad*, 87 Mo. 285; *Hoke v. Railroad*, 88 Mo. 369–370; *Dowling v. Allen & Co.*, 88 Mo. 299; *Moore v. Railroad*, 85 Mo. 593–594; *Smith v. Railroad*, 92 Mo. 368, 369–370; *Sullivan v. Railroad*, 97 Mo. 119, 120; *Barry v. Railroad*, 98 Mo. 63; *Hall v. Railroad*, 74 Mo. 299; *Stoddard v. Railroad*, 65 Mo. 520; *Branthers v. Cratter*, 52 Mo. 376; *Dutzi v. Geisel*, 23 Mo. App. 684; *Rowland v. Railroad*, 20 Mo. App. 463; *Schmidt v. Adams*, 18 Mo. App. 432; *Merriman v. Starne*, 57 Mo. 98, 99. Although at the time of the injury the said Battles assisted the plaintiff in his work, such did not constitute him a fellow-servant of plaintiff, so as to absolve the defendant from liability for his (Battles) negligent acts. *Gormley v. Iron Works*, 61 Mo. 495; *Ashwith v. Stanoix*, 3 El. & El. 701; Shearman & Redfield on Negligence, sec. 102. The right to hire and discharge employes is not the test as to whether a foreman is a vice-principal. *Moore v. Railroad*, 85 Mo. 593, 594; *Dutzi v. Geisel*, 23 Mo. App. 682. (3) It is the tendency of courts to narrow the rule as to fellow-servants. *Smith v. Railroad*, 92 Mo. 369; *Railroad v. Fort*, 17 Wall. (U. S.) 368; *Perkins v. Railroad*, 55 Mo. 214. Defendant ratified Battles' acts by retaining him in its employ after the injury.

ELLISON, J.—This action is for personal injury received by plaintiff. He recovered below and defendant appealed. The evidence tended to show, and, since the verdict it may be said to have shown, that plaintiff was a section man on defendant's road, and that he received his injury at the hands of the section foreman. Three or four men including plaintiff and the foreman were endeavoring to pull a switch tie out from under the rails. All four had their picks stuck in

the tie, and were in a stooping position pulling at the tie when the foreman's pick slipped and he fell back against an embankment. He immediately recovered himself and made a quick " overhanded " stroke at the tie. His pick struck plaintiff on the head, causing the injury of which complaint is made. The plaintiff was working under the foreman's directions and orders, and when hurt was working as directed by the foreman.

It is established law of this state, now well understood since Judge HENRY's opinions in the cases of *Moore v. Railroad*, 85 Mo. 588, and *McDermott v. Railroad*, 87 Mo. 285, that a section foreman, or boss, is not the fellow-servant of the men under his charge, control and direction. That he is, notwithstanding his inferior standing in the official scale of the corporation, a vice-principal is clearly demonstrated in the *Moore* and *McDermott cases*. But in this case we have the unusual fact that the injury was directly inflicted by the foreman himself while engaged in the work as a co-laborer with plaintiff. Does this fact alter the relation of the parties, or interfere with the master's liability? Our opinion is that it does not. If in the case at bar the section foreman had ordered one of his hands to strike his pick down between the heads of the two others, it would not be contended that defendant was not liable for the injury resulting from such imprudent order. There is no just or logical distinction between the act of the vice-principal in negligently ordering a servant to do an imprudent thing, and in doing the thing himself. In each case it is the act of the vice-principal; in one, he wills the servant shall do the act, in the other, he wills that he, himself, shall do it. This position is sustained by authority. *Gormley v. Iron Works*, 61 Mo. 492; *Dayharsh v. Railroad*, 103 Mo. 570; *Berea Stone Co. v. Kraft*, 31 Ohio St. 287;

*Ashworth v. Stanwia,* 3 El. & El. 701; *Ormand v. Holland,* 96 Eng. Com. Law, 102; Wharton on Negligence, secs. 205, 235; Shearman & Redfield on Negligence, sec. 89.

The servant assumes the risk of the negligence of his fellow-servant, but does not assume the risk of the negligence of the master himself, or, what is the same thing, of a servant placed over and in control of him by the master or his superior, and under whose orders and directions he must act. The foregoing disposes of defendant's objection to plaintiff's instructions on the question of fellow-servant.

We think there was sufficient evidence of the foreman's negligence to submit to the jury. The stroke with the pick, between the heads of plaintiff and his comrade, under the circumstances and in the position of the parties, may well be considered negligence.

It is insisted that the judgment should be reversed on account of the court permitting one of the plaintiff's witnesses to state how the defendant's hospital is supported. The witness said that "there is twenty-five cents taken off every man's check that is paid to the hands, and this goes to the hospital to pay for taking care of the men that get injured. It is taken from the section men and from all the employes of the railroad." This testimony was preceded by the cross-examination of the plaintiff in which defendant had him state that he was sent to defendant's hospital, and that defendant charged him no board and no fee for the physician at the hospital. If it was proper for the defendant to show this to the jury, it was no more than fair that the testimony complained of should also be heard. Plaintiff had not attempted to show as items of his damage the payment of board or a physician.

The judgment is affirmed. All concur.

ON MOTION FOR REHEARING.

ELLISON, J.—The foregoing opinion is asserted to be unsound law. We have re-examined the question presented and feel satisfied with what we have said. The question with us is, not what the courts in some of the states may have decided, not what some text-writers may have written, but what is the rule adjudged in Missouri. The question has met with different answers in different jurisdictions and at the hands of different authors. In *Berea Stone Co. v. Kraft*, 31 Ohio St. 287, it is said: "Where the master, *or one placed by him in charge of men engaged in his service*, personally assists or interferes in the labor being performed under his direction and control, and is, while performing such labor, or interfering with its performance, guilty of negligence resulting in an injury to one engaged in such service, there is no sound principle of law that will excuse or exonerate the master from liability." Shearman & Redfield on Negligence, sec. 89; Wharton on Negligence, sec. 205. The same rule is announced in Missouri. *Gormley v. Iron Works*, 61 Mo. 492; *Dayharsh v. Railroad*, 103 Mo. 570.

It is insisted that the plaintiff and the foreman were fellow-servants. This cannot be allowed to be good. They were each servants of a common principal, it is true, but they were not fellow-servants in a sense which would limit defendant's liability for the injury inflicted upon plaintiff. "No service is common that does not admit a common participation, and no servants are fellow-servants where one is placed in control over the other." *Railroad v. Keary*, 3 Ohio St. 201; *Chicago & Milwaukee Ry. Co. v. Ross*, 112 U. S. 377. "Where one servant is placed by his employer in a position of subordination to, and subject to, the orders and control of another, and such inferior servant

without fault, and while in discharge of his duties, is injured by the negligence of the superior servant, the master is liable for such injury." *Berea Stone Co. v. Kraft, supra.* This case is cited with approval in *Dayharsh v. Railroad,* 103 Mo. 570.

The *Dayharsh case* cannot be distinguished from this case. It is true that in stating master's duties, it is said in that case that he must furnish his servant with a safe place to work. But the facts of that case were that the plaintiff was at work for the railway company under the direction and supervision of the round-house foreman. That he was shoveling ashes from an ash pit in the track running into the roundhouse, and while so engaged the foreman ran an engine over his leg. This ash pit was not of itself an unsafe place to work. It became unsafe for the reason, only, that the foreman ran an engine over it. The place was as safe a place to work as a farmer's field. It was not a bog in which the laborer would sink, nor was it near dangerous machinery or explosives, nor near caving embankments or unsteady walls; nor was it a place where rapidly moving trains passed. Any place can be made unsafe by bringing to bear upon it dangerous appliances or contrivances. In the *Dayharsh case* the plaintiff was injured by the negligence of the foreman in running the engine over the place where he was working, and the place became unsafe from this negligent act. So, in this case, the place where the tie was being removed was a safe place to work, and it only became unsafe by the foreman negligently striking his pick in between the heads of plaintiff and his fellow-workmen. We refer to the point made as to the master's duty to furnish a safe place to work, for the reason that such language is used in the *Dayharsh case,* not that we consider it necessary in this case to say that the supreme court, in the *Dayharsh case,* placed

the decision upon the master's duty to furnish a safe place to work. The case itself, and the authorities cited to sustain it, in our opinion, show that the court decided that the negligent act of the roundhouse foreman, in running the engine over the workman, was the act of the master and not the act of a fellow-servant. But, if we are mistaken in this interpretation of that case, the fact remains that the place to work in that case and in this were equally safe places until made unsafe by a similar act of negligence done by the respective foremen.

We are told that the decision in this case is in conflict with *Moore v. Railroad*, 85 Mo. 588, wherein it is said to have been decided that a vice-principal may occupy at the same time a dual capacity. That is, if the vice-principal be one whose duty it is, when necessary, to assist in the manual work, and, while so engaged in the manual work, he negligently injures a servant, the negligent act would be the act of a fellow-servant, and not the act of the vice-principal. This was not decided in the *Moore case*. No such point was in the case, though Judge HENRY does, parenthetically, give utterance to such view. The paragraph was doubtless inserted to show that, notwithstanding the recognition of such law, it would not affect that case. But, be this as it may, "the last previous rulings of the supreme court on any question of law or equity shall, in all cases, be controlling authority" with this court, and, in compliance with this mandate of the constitution, we follow the *Dayharsh case*. If that and the *Gormley case* are not good law, it is the prerogative of the supreme court to overrule them, and not ours. We are all agreed that the motion should be overruled.