# JOHN DONNELLY, Respondent, v. AIDA MINING COMPANY, Appellant.

### Kansas City Court of Appeals, November 23, 1903.

1. **MASTER AND SERVANT: Fellow Servant: Vice-Principal.** There is no distinction between the act of a vice-principal in negligently ordering a fellow-servant to do an imprudent thing and in doing the thing himself, and this doctrine remains unreversed in this State.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*W. R. Robertson* for appellant.

(1) The plaintiff is not entitled to recover in this case, because, if we accept the theory of plaintiff that the act of Freeman, the ground boss, caused the rock to roll down upon the plaintiff, then Freeman at that time was not representing the master, but doing the work as a fellow-servant. Richardson v. Mesker, 72 S. W. 506, 171 Mo. 666; Hawk v. McLeod Lumber Co., 166 Mo. 129; Schaub v. Railway, 106 Mo. 88; Bane v. Irwin, 72 S. W. 525 (Mo. Sup.); Garland v. Railway, 85 Mo. App. 581; Moore v. Railway, 85 Mo. 588; Cord v. Eddy, 129 Mo. 510; Miller v. Railway, 109 Mo. 350; Grattis v. Railway, 135 Mo. 393-4; New Pittsburg Coal and Coke Co. v. Peterson, 136 Ind. 378; Justice v. Penn. Co., 130 Ind. 321; Gaul v. Beekstein, 173 Ill. 187.

*Howard Gray* for respondent.

(1)   The evidence of both plaintiff and defendant shows that Freeman was not a fellow-servant with the plaintiff.   He had full power to hire and discharge the other employees, and to him alone they looked for their directions and instructions.   Kelley v. Stewart, 93 Mo. App. 48; Hutson v. Railway, 50 Mo. App. 300.   (2) Freeman was vice-principal of the defendant, and the plaintiff was injured by his negligent act, therefore the defendant is liable.   Hutson v. Railway, 50 Mo. App. 300; Dayharsh v. Railroad, 103 Mo. 570; Russ v. Railroad, 112 Mo. 45; Haworth v. Railroad, 94 Mo. App. 215; Borden v. Falk Co., 71 S. W. 478 (97 Mo. App. by this court Jan. 5, 1903) ; Gormley v. Iron Works, 61 Mo. 492; Breman v. Iron Bridge Co., 74 Conn. 382, 50 A. 1030; Railroad v. Smith, 72 S. W. 418; Merchants' & Planters Oil Co. v. Burns, 72 S. W. 626.

ELLISON, J.—This is an action for personal injury to plaintiff alleged to have resulted from the negligence of defendant.   The plaintiff prevailed in the trial court.

It appears that plaintiff and others were engaged as miners in defendant's lead and zinc mine, under the charge and supervision of a foreman who employed and discharged the men.   That these employees and the foreman, at the time of the casualty, were engaged in mining about 120 feet under ground and that in cutting in, the top of the drift was cut ahead so that it left a slope from the top down.   That a large lot of dirt and rock had been blasted loose at the top of the drift, and that the foreman and another were at the top getting the dirt down and plaintiff and others were at the bottom shovelling it into cars whence it was taken to the shaft and thence taken up to the surface.   The evidence tended to show that while plaintiff was engaged in stooping and shovelling the dirt, he could not observe what

the foreman was doing at the top of the slope. At the moment of the accident, plaintiff was attempting to change the position of a large rock so that he could break it in smaller pieces and thereby be able to shovel it onto the car. At this time the foreman, without warning of any kind, rolled another rock from the top, which struck plaintiff violently as it reached the bottom and crushed his hand. There was ample evidence to show that the foreman's act was negligent and that plaintiff was in the exercise of due care when injured, and we do not feel called upon to discuss but one question, which is practically all that is argued by the counsel.

Defendant contends that notwithstanding the foreman was ordinarily not a fellow-servant with the employees under his charge and control, and that his acts, ordinarily, were the acts of the master, yet he may have a dual capacity. That he may be either principal or fellow-servant, depending altogether on the character of the act with which he is charged. That although he was defendant's foreman, placed in charge and control of the plaintiff; yet, if plaintiff's injury was the result of the foreman's taking part in the labor and negligently performing such labor, it was the negligent act of a fellow-servant, for which defendant is not liable.

The position thus taken by defendant is directly opposed to the case of Hutson v. Railway, 50 Mo. App. 300, and other cases cited in plaintiff's brief. In that case the section foreman negligently struck one of his men with a pick which he was himself wielding in an effort to help remove a railroad tie. We ruled that there was no logical distinction between the act of a vice-principal in negligently ordering a servant to do an imprudent thing, and in doing the thing himself. In the one case he wills the servant shall do the act and in the other he wills that he, himself, shall do it. The view taken in that case seem to us to be so reasonable; and the view opposed to it so utterly untenable and fanciful that we can do no less than affirm it here. The same

position had been taken by the Supreme Court in Gormly v. Iron Works, 61 Mo. 492, and Dayharsh v. Railway, 103 Mo. 570. In Berea Stone Co. v. Kraft, 31 Ohio St. 287, the court said:

"  .  .  .  Stone's (the foreman's) negligence in assisting in fastening the hooks to the stone to be raised, may have caused the injury, and that he was then performing the duty of a common workman, and not those strictly pertaining to the duties of foreman, in nowise relieves the company from liability. If the act done by him, had been done under his direction as he did it, by one of the employees of the company, its liability could not be doubted, and for the reason, that the negligent act, although committed by the hand of another, was in law, the act of the foreman, and consequently the act of the master. And it could be no less the act of the master when performed by the foreman in person."

It is certainly the law that the master's personal negligence renders him liable to the servant and the fact that the negligence occurs in the master's participation in the work of the servant can not affect the liability. Sherman & Redfield on Neg., sec. 187; Wharton on Neg., sec. 205.

In the instances where a corporation is the master, it is necessarily represented in all that it does by an agent or vice-principal. In this case by the foreman, who had charge and control of the direction of the work and how it should be conducted, and his participation in the work may have made him a fellow-laborer, but it did not make him a fellow-servant, from the fact that it did not lessen his position or authority as master. His power to control the work and direct the manner of its performance remained. In this instance, he did an act himself which, if he had but directed another to do, liability would not have been questioned.

But defendant makes the claim that the Supreme Court has made different rulings since the cases above

mentioned. We do not find it so. In Hawk v. McLeod Lumber Co., 166 Mo. 121, it was held that, a "sawyer" and a "deck hand" working in a mill under a common foreman were fellow-servants, and the mill company was not liable for injury to the deck hand by the negligence of the sawyer. In that case while Judge GANTT states that the sawyer's position was superior to that of the hand, yet he had no control over him and in no way acted for or represented the company. The company was represented by the foreman. The case of Richardson v. Mesker, 171 Mo. 666, by no means asserts the rule contended for by defendant.

The defendant offered no instructions other than a demurrer to the evidence, which was properly overruled. The plaintiff properly submitted the case on his theory. Judgment affirmed. All concur.