GARRARD STRODE, Curator of Eva Bennett, Respondent, v. M. C. CONKEY, Appellant.

**Kansas City Court of Appeals, February 1, 1904.**

1. **MASTER AND SERVANT: Vice Principal Performing Labor: Negligence.** The fact that the vice principal while doing the work of a laborer does the same negligently and thereby injures a servant, does not make him a fellow-servant of the injured party and on that ground save the master from liability.

2. ———: ———: **Evidence: Res Gestae.** A vice principal at the top of a shaft, undertaking to throw a block into a car, missed the same and it fell down the shaft. *Held,* his contemporaneous exclamation as to the servant working at the bottom that if he wanted to work there he would have to learn to dodge, is admissible in evidence.

3. ———: **Instructions: Evidence.** The instructions are reviewed and held not to require a reversal, and the omission of the word "evidence" from an instruction is not a fault.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Frank L. Forlow* and *Percy Werner* for appellant.

(1) The act of Frantz in throwing the block into the car which was being loaded with the tools and appliances to be taken down into the mine, was the act of a fellow-servant. Gall v. Beekstein, 173 Ill. 187; Hawk v. Lumber Co., 166 Mo. 121. (2) The admission in evidence of the remarks of Frantz, after the tossing of the block into the car, to the effect that "the dam ——— ——— will have to learn to dodge," was erroneous as not part of the *res gestae.* Barker v. Railway, 126 Mo. 146; Rayer v. Railroad, 84 Mo. App.

350; Koenig v. Railroad, 173 Mo. 698. (3) The first instruction given on behalf of the plaintiff was erroneous. It instructed the jury as a matter of law that the act of Frantz, boss of the day shift, in tossing the block into the car, was the act of the defendant. (4) The second instruction given on behalf of plaintiff, purporting to give the measure of damages, is erroneous in not only not confining the jury to the evidence in the case, but in not requiring that the damages be in anywise based on the evidence. The verdict was under the evidence, excessive.

*McReynolds & Halliburton* for respondent.

(1) Frantz being in charge of the work and during the absence of Farr, superintendent, having the power to direct the men, when, where and how to work, the men being under his direction and control was a vice principal and not a fellow-servant. And the fact that Frantz also worked along with the men, did not take away from him the position of vice principal and make his acts the acts of a fellow-servant. Steube v. Iron Co., 85 Mo. App. 646; Kelly v. Stewart, 93 Mo. App. 60; Haworth v. Railway, 94 Mo. App. 223; Hall v. Water Co., 48 Mo. App. 364; Hutson v. Railway, 50 Mo. App. 300; Hughlett v. Lumber Co., 53 Mo. App. 87; Gonney v. Iron Works, 61 Mo. 492; Bowling v. Allen & Co., 74 Mo. 13; Stephens v. Railway, 96 Mo. 207; Dayharsh v. Railway, 103 Mo. 570; Schroeder v. Railway, 108 Mo. 322; Miller v. Railway, 109 Mo. 356; Russ v. Railway, 112 Mo. 45; Claybaugh v. Railway, 56 Mo. App. 630; Borden v. Folk Co., 71 S. W. (Mo. App.) 478; Foster v. Railroad, 115 Mo. 166. (2) The statement of Frantz as testified to by witnesses was a part of the *res gestae,* having been made just as the block was thrown and as one of the witnesses testified before it could have possibly have reached Bennett. It was a part of the transaction of Frantz in

throwing the block, and tends to show that act to be not only negligent but reckless. Pepperdine v. Bank, 84 Mo. App. 234; Ins. Co. v. Fillinghamn, 85 Mo. App. 540; Fowles v. Loan Co., 86 Mo. App. 107; Corbett v. Railway, 26 Mo. App. 621. (3) Declarations are now admitted as a part of the *res gestae* even when a perceptible time has elapsed after the main transaction, if made under the influence of it and so connected therewith as to characterize it. Stevens v. Walpole, 76 Mo. App. 213; Leahy v. Fair Grounds, 97 Mo. 165; Stockman v. Railway, 15 Mo. App. 503; 21 Am. and Eng. Ency. of Law, p. 101. Frantz's declaration was made while transaction was occurring. After the block was started and before it reached Bennett (see evidence of Waddell & Smith) and was part of the *res gestae.* Cunningham v. Railroad, 79 Mo. App. 527; Devlin v. Railway, 87 Mo. 548; State v. Mathews, 98 Mo. 125.

ELLISON, J.—The plaintiff's ward is the infant daughter of R. J. Bennett who was an employee in defendant Conkey's lead and zinc mine, and while engaged in work he was killed through the alleged negligence of defendant. Plaintiff recovered judgment in the trial court.

It appears, at least the evidence tended to show, that one Frantz was defendant's foreman in charge, control and direction of several men who were at work in loading a car at the surface of the mine with tools and material to be carried into the mine, among which was a square block of wood. The car, when loaded, was run down the incline by cable into the mine on a track descending at an angle of about forty-five degrees. The deceased was at work down in the mine as "pump man" at the pump, eight or ten feet from the bottom of the incline. The car was being loaded at the surface, when Frantz picked up the square block and standing off, intending to land it in the car, pitched it over the sides and into the shaft, where it fell to the bottom, striking

deceased on the head and killing him. As the block was seen not to go into the car, one of the men immediately said to Frantz: "Look out, you are liable to kill that man down there," and he answered, with an oath, that, "if he wanted to work there, he would have to learn to dodge."

It is claimed that since the negligent act was committed by Frantz while doing the work of a laborer, that he and deceased were fellow-servants and consequently defendant is not liable for the latter's negligence in throwing the block. We can not allow the defense. We have recently considered the subject in Donnelly v. Aida Mining Co., 103 Mo. App. 349, where the authorities will be found to the effect that though the negligent act be that of the foreman while himself engaging in the work of those employed under his charge, yet that fact does not cause him to lose his character as vice principal. To the authorities there cited, counsel have added, Russ v. Railway, 112 Mo. 50-53; Haworth v. Railway, 94 Mo. App. 215, 224.

Objection was made to the foregoing statement of Frantz when called to by one of his men as he tossed the block over the car. We think it was properly received in evidence. It was made at the very time of the act and while the block was in course of descent. Cunningham v. Railway, 79 Mo. App. 527; Stevens v. Walpole, 76 Mo. App. 213; Devlin v. Railway, 87 Mo. 545; State v. Mathews, 98 Mo. 125.

We conclude that defendant's objections to the instructions do not require a reversal of the cause. That made to number one, in view of what we have said, is not sound. The objection that instruction number two did not confine the jury to the necessity of arriving at a belief from the "evidence" in the cause: in other words, omitting the word "evidence," is not substantial. Neither was the general character of the instruction objectionable as now understood by the rulings of the Supreme Court. See Parman v. Kansas City, — Mo. —.

After full examination of the points made against the judgment, we find nothing to justify its disturbance and it will be affirmed.   All concur.