## CHARLES HAGAN, Respondent, v. GIBSON MINING COMPANY, Appellant.

### Kansas City Court of Appeals, June 8, 1908.

1. **MASTER AND SERVANT: Place of Work: Promise to Repair: Instructions.** Instructions relating to the duty of the master to furnish a safe place of work and as to the foreman's promise to protect the same and reliance thereon and the servant's care together with questions of notice, are examined and approved and held to be liberal to the master.

2. **————: Vice-Principal: Fellow-Servant: Evidence.** Evidence relating to the question of vice-principal and fellow-servant is held to show a vice-principal.

3. **TRIAL PRACTICE: Quotient: Verdict: Evidence.** A verdict was signed by nine jurors; an affidavit showed a column of ten amounts added up and divided by eleven and the quotient amounted to the verdict. *Held*, insufficient to show a chance verdict, and besides to invalidate a verdict on that ground it must be shown the jurors agreed to accept the same as their verdict before the calculation was made.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*A. E. Spencer* for appellant.

(1) The plaintiff and Votow were fellow-servants as to the work in which they were engaged in connection with the platform, and a verdict for defendant should have been instructed. "It is the character of the act itself that determines the relation of the actor to injured servant." Stephens v. Lumber Co., 110 Mo. App. 398; Fogarty v. Transfer Co., 180 Mo. 490; Rigsby v. Oil Well Supply Co., 115 Mo. App. 297. (2) The instruction for plaintiff is erroneous. (a) Because of its unnecessary length it could only confuse the jury. Bane v. Irwin, 172 Mo. 315. (b) It declares that if Votow was defendant's foreman and as such had imme-

diate supervision and control over plaintiff with authority to control and direct plaintiff's work, he was defendant's vice-principal and not plaintiff's fellow-servant. This is wrong, as applied to this case, because it ignores the question whether the acts of Votow were those of a fellow-servant, or the exercise of control as a vice-principal, and improperly makes the test the authority of Votow over plaintiff—his rank, rather than the character of the act in which he was engaged. See authorities under point 1. (3) The case sought to be made by plaintiff involves the negligent leaving of a hole in the platform, a complaint thereof by plaintiff to defendant's foreman, the latter's assurance to plaintiff that he could work with safety, and a promise also to cover the hole with boards, and plaintiff's reliance thereon. Without the complaint and promise the risk would be one clearly assumed by plaintiff. Mathis v. Stock Yards Co., 185 Mo. 434.

*R. A. Mooneyham, H. E. Thompson* and *C. O. Thompson* for respondent.

(1) A shift boss having direction and control of the work is a vice-principal and not a fellow-servant. Hunt v. Desloge Lead Co., 104 Mo. App. 377; Fox v. Dold Packing Co., 96 Mo. App. 173; Strode v. Conkey, 105 Mo. App. 12; Railway v. Meeker (Ill.), 82 N. E. 202; Kain v. Babcock (N. J.), 67 Atl. 1014; Hollweg v. Telephone Co., 195 Mo. 149; Fogerty v. Transit Co., 180 Mo. 490; Bane v. Irwin et al., 172 Mo. 306; Blue v. Transit Co., 108 Mo. App. 399; Lore v. M'fg. Co., 160 Mo. 608; Cole v. Transit Co., 183 Mo. 92; Carter v. Baldwin, 107 Mo. App. 217. In Missouri the power of superintendence and control has often been taken as the true criterion. Hinchliff v. Robinson, 118 Ill. App. 450; Grattis v. Railway, 153 Mo. 380; Miller v. Railway, 109 Mo. 350; Hanok v. Lumber Co., 166 Mo. 121; Bane v. Irwin, 172 Mo. 306; Dien v. Transit Co., 108 Mo. App. 399; Rigsby v. Oil Well Co., 115 Mo. App. 314; Edge v.

Railway, 206 Mo. 471; Citrone v. Engineering Co., 113 App. Div. 518; Telephone Co. v. Schulz, 121 Ill. App. 573; Whaley v. Coleman, 113 Mo. App. 594; Fauts v. Swift, 113 Mo. App. 532; Bates-Rogers Con. Co. v. Dunn, 93 S. W. 1032; Andrecsik v. Tube Co., N. J. Err. & App., 63 Atl. 719; Antletc v. Smith, 97 Minn. 217, 106 N. W. 517; Burch v. Southern Pacific Co., 145 Fed. 443; Hubert v. Glucose Co., 109 N. W. 475; Oden Coal Co. v. Tadlock, 119 Ill. App. 310.     (2)     The instructions for plaintiff correctly declare the law and are not open to the objections which the defendant makes. (3) The case made out by plaintiff involves the negligent discharge of the steam into the water beneath the platform.     Abbott v. Min. Co., 112 Mo. App. 550; Carter v. Baldwin, 107 Mo. App. 217; Epperson v. Postal Tel. Co., 155 Mo. 346; Fisher v. Central Lead Co., 156 Mo. 429; Palmer v. Telephone Co., 91 Mo. App. 106; Charlton v. Railway, 200 Mo. 436; Campbell v. Railway, 175 Mo. 161; Dale v. Hill-O'Meara Con. Co., 108 Mo. App. 97.     (4)     Jurymen may, without any agreement or thought of adopting the quotient as a verdict, set down in a column the amount each juror is in favor of awarding.     Add this column and divide the total by twelve and afterwards agree that the quotient shall be their verdict.     Kolb v. St. Louis Transit Co., 102 Mo. App. 143.     (5)     There was nothing improper in the manner of reaching the verdict in this case as there is no evidence that the jurors signing the verdict agreed in advance that the quotient should be their verdict.     Moore v. Railway, 100 Mo. App. 665; Kolb v. Transit Co., 102 Mo. App. 143; Jobe's Administrator v. Weaver, 77 Mo. App. 671; 2 Thompson on Trials, sec. 2602 and authorities cited; Fields v. Railway, 80 Mo. App. 608.

ELLISON, J.—Plaintiff, a young man about twenty-one years of age, suffered personal injury by having one of his legs scalded while engaged in the service of defendant. He charged the injury to defend-

ant's negligence and brought this action therefor. He recovered judgment in the trial court.

The defendant is a mining company and plaintiff and his foreman, named Votow, were engaged at work at the bottom of a shaft. They had constructed a platform covered with boards which stood some two feet or more above the bottom of the shaft. Drilling was being done with a steam drill, the exhaust for which was under the platform into water about two feet in depth. The water became very hot and steam constantly arose. The injury happened to plaintiff about three o'clock in the afternoon. About eleven o'clock in the forenoon of that day plaintiff, who had been working only four days, had complained of the condition of the platform and about the steam and hot water. Votow assured him he could work on in safety. They ceased to drill and Votow undertook to strengthen the platform by taking up some pine boards and replacing them with oak. He had plaintiff get some oak boards from out on the surface. They had been cut too short and thereby left a hole near two feet square on one side of the platform. Plaintiff assisted in placing them. Votow then ordered plaintiff to gather up a lot of tools and place them in a pump seat on the north side of the shaft. These tools were scattered about the drift. In placing them where directed it was necessary for plaintiff to pass over the platform, which was wet and slippery from the steam rising through and about it. Votow though having directed the gathering of the tools and having promised to cover the hole in the platform, failed to do so and on plaintiff's crossing over with tools in his hands, he slipped, his leg going through the hole into the hot water, and receiving a painful burn.

The criticism made of the instruction given for plaintiff as applicable to the evidence of the case, we regard as altogether without merit. Every issue in the

case was properly and clearly set forth so as to call for the jury's determination in such way as left no room for them to misunderstand. The familiar duty of the defendant to furnish a safe place for plaintiff to work, was stated. The hypothesis of the foreman's promise to plaintiff to protect the place where he fell, and his reliance thereon, and his own proper care, are all plainly set down. The questions of danger, of notice to the foreman of plaintiff's knowledge of the defect in connection with the promise to fix it, are all stated to the jury, and we do not find any substantial objection. But aside from this, the defendant was liberally treated by the court and every phase of defense was embodied in instructions which it obtained. To say that the jury did not fully and fairly understand every issue in the case would be to contradict the record.

The point is, however, made that Votow was not a vice-principal, but that he was rather a fellow-servant. This was also submitted to the jury on the evidence as to his duties. It was shown that he had authority over plaintiff and the work they were performing. In other words he was the foreman with entire supervision and direction of the work. We do not believe that, considering the evidence, he was a fellow-servant under any view of the law obtaining in this State. [Hollweg v. Bell Tel. Co., 195 Mo. 149; Fox v. Dold Packing Co., 96 Mo. App. 173; Hunt v. Desloge Lead Co., 104 Mo. App. 377; Strode v. Conkey, 105 Mo. App. 12.]

The only question of any moment in the case relates to the manner of the jury arriving at a conclusion. It is claimed to be a quotient verdict. The only evidence on that head is the affidavit of defendant's attorney to the effect that when the jury came out of their room he went in and found a paper in the handwriting of a juror, on which were three columns of figures. The first column consisted of twelve amounts unadded; the second of eleven amounts; the third consists of ten amounts

and this column was added up, the sum being divided by eleven, the quotient being the same amount as the verdict returned. But the verdict was only returned by nine. The evidence failed to make out a chance, or what is known as a quotient, verdict.

It does not invalidate a verdict for each juryman to put down an amount he, at the moment, considers would be a proper verdict, and add these together and divide the sum by the number of jurors. If this is done merely as a basis of discussion and interchange of ideas, it will not harm the verdict afterwards agreed upon. But if the jurors bind themselves to accept of the quotient as the verdict of each before they know what that sum may be, it is an improper method and a verdict obtained by such means should be set aside. The evidence in this case fails to show directly or by reliable inference that any juror agreed blindly upon a verdict. Under the views expressed in McMurdock v. Kimberlin, 23 Mo. App. 523, especially at page 529, the verdict in this case must be upheld. [Moore v. Railway, 100 Mo. App. 665; Kolb v. Transit Co., 102 Mo. App. 143.]

The whole record considered, we are not authorized to disturb the judgment and it is accordingly affirmed. All concur.