HILL *v.* GIBSON.

Opinion delivered February 24, 1913.

1. FENCING DISTRICTS—DAMAGE TO CROPS.—Where plaintiff owns land in a fencing district properly established under sections 1378, *et seq.* of Kirby's Digest, defendant is liable to plaintiff for damage done by his stock to plaintiff's crops, which he permitted to run at large in said district, after a lawful fence has once been built. (Page 134.)

2. FENCING DISTRICTS—ORDER OF COURT.—The order of the court creating the district remains effective, until the district is dissolved. (Page 135.)

3. APPEAL AND ERROR—HARMLESS ERROR.—When the jury returns a verdict according to the law of the case, the case will not be reversed when an erroneous instruction was given. (Page 134.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee sued appellant for damages alleged to have been caused by the trespassing of appellant's stock upon her crops. The complaint alleges that appellee is the owner of certain lands within Fencing District No. 3, of Conway County; that said district is a legally constituted and existing fencing district of said county, within which it is made unlawful for stock to run at large. That appellant turned his cattle on her crop on her said land to her damage in the sum of one hundred dollars, and she prayed judgment for that sum.

The appellant's answer denied all the material allegations of the complaint, specifically pleading that if said district was otherwise established, it was not unlawful for stock to run at large therein at the times alleged in the complaint, for that said district was not at said time enclosed by a lawful fence.

What amounts to an agreed statement of facts is set out in the bill of exceptions, and is as follows:

"The testimony showed the proper orders of the county court for the formation of the fencing district

mentioned in the complaint. It also showed that the plaintiff owned land in said district, and for the year 1911, rented land therein to one W. H. Faucett for $5 per acre, and that some time during the fall of said year, or early winter, the said Faucett sold his crop to the plaintiff in settlement of the rent. The testimony further tended to show that the defendant, Bob Hill, had control of land in said district during said year, and made a crop thereon and owned and herded about one hundred head of cattle after his crops were gathered upon the lands cultivated by him and other portions of said fencing district about a mile from the land on which the crop was claimed to have been destroyed; that some time about the first of February, 1912, about fifteen head of cattle were seen on plaintiff's land where the crop had been made, and that said cattle were all but one branded "O." The testimony further shows that defendant's cattle were branded "O." The testimony further tended to show that one Bradley had about one hundred head of cattle in said fencing district herded by the same herder that herded defendant's cattle. The testimony further tended to show that hogs had ranged in plaintiff's crop, and that after the crops had been gathered that defendant and said Bradley relieved their herder and permitted the cattle to roam at will in said fencing district, and which was in February, 1912. The testimony further tended to show that the crop on plaintiff's land had been damaged by stock, but there was no testimony as to whose stock did the damage except that the bunch of about fifteen head were branded "O." The testimony also tended to show that during the month of January, 1912, cattle branded with an "O" were seen at different times in the plaintiff's crop.

The undisputed testimony showed that the fencing district was not enclosed by a lawful fence, and that on account of gates being down and the fence around said district not being as required by law, cattle and other stock could go in and out of said fencing district during the year 1911, and up until after the alleged injury was committed, at will.

The testimony tended to show that the crop had been

damaged by stock to the extent of the verdict rendered by the jury.

This was all that the testimony established or tended to establish, and was all the testimony in the case.''

On motion of plaintiff, and over the objection of defendant, the court instructed the jury as follows:

1. ''You are instructed that if you find from the evidence in this case that the defendant was herding his cattle on land in the fencing district, or was permitting them to run at large on such land, and they escaped and went upon the land of plaintiff inside the district and damaged the crop, then you will find for the plaintiff, notwithstanding the district fence was not a lawful fence and assess plaintiff's damage at such sum as the evidence shows was caused by the stock of defendant.''

And refused the following instructions asked by defendant:

1. ''You are instructed to return a verdict for the defendant.''

3. ''You are instructed that if the defendant had the right to herd his cattle on portions of the district, and they strayed off on plaintiff's ground for that she could not recover for the injury.''

4. ''You are instructed that you can not find for the plaintiff more than nominal damages, as there is no proof of the amount of damages done by defendant's stock.''

And upon motion of defendant, gave the following instructions:

2. ''You are instructed that the undisputed testimony shows that the fencing district was not enclosed by a lawful fence at the time of the alleged injury, and you can not find for the plaintiff on the ground that the defendant permitted his cattle to run at large inside of a district having a lawful fence.''

5. ''The proof shows that the land was rented to Faucett for standing rent. For damages to the crop while he owned it, the plaintiff can not recover. She can not recover unless you find that she bought the crop from Faucett, and then only for such damage as was

caused by defendant's stock after plaintiff bought the crop.''

There was a verdict for plaintiff for $75 damages, and this appeal was taken from the judgment pronounced thereon.

We have been favored with no brief by appellee, but the case has been ably and fairly briefed by appellant, who presents several questions, which have been considered by the court, but which we do not regard necessary to discuss. But the controlling question in the case, and the one upon which appellant chiefly relies for a reversal is the correctness of instruction numbered one (1) given by the court, and the refusal to give defendant's instruction numbered three. These instructions present the respective theories of the parties to this litigation.

*Sellers & Sellers,* for appellant:

The trespass sued on herein was not committed in a legally constituted and existing fencing district as the proof shows that the district was not enclosed by a good and lawful fence, therefore, appellant is not liable. Kirby's Digest, Chap. 81.

The common law rule as to the running at large of stock has never been recognized in this State, but on the contrary, the courts have recognized the right of stock owners to permit stock to run at large, as well as the corresponding duty of land owners to fence against them, except in sections where, by special enactment a different rule obtains. Kirby's Digest, Chap. 81.; *Ib.* § 1998; 37 Ark. 562; 46 Ark. 207; 48 Ark. 369; 12 A. & E. Enc. (2 ed.) 1041-1042 and note 1.

In order to recover for trespass, it must be shown that the appellant wilfully turned his cattle loose upon the enclosed lands. 12 A. & E. Enc. 1045 and note; 22 S. W. 300; 37 Pac. 893; 21 Pac. 41; 22 L. R. A. 105; 47 L. R. A. 588; 5 Kan. 433; 13 S. W. 937; 22 S. W. (Tex.) 300; 69 Pac. 1024; 92 Am. Dec. 404.

Section 1914, Kirby's Digest, ceases to be operative after January 1, as to crops of preceding year, and the

trespass alleged in case at bar occurred after that date, and appellant's request for peremptory instruction should have been granted.

No briefs for appellee filed.

SMITH, J. (after stating the facts). It appears that at the time of the depredations of defendant's stock, the fencing district was not enclosed with a lawful fence, and that the gates were down, and, consequently, stock could come in or go out of the fencing district at will. The court's instruction, numbered one, and defendant's instruction numbered two, which was given are apparently in conflict, for this second instruction tells the jury that defendant would not be liable for the damage done by his stock if the fencing district was not enclosed by a lawful fence. Under the evidence, this instruction would have directed a verdict for the defendant, but the jury's failure to follow it in this case is not prejudicial error for the reason that it is not a correct declaration of the law. The jury evidently followed the court's first instruction, which is the law. *St. L. S. W. Ry. Co.* v. *Grayson*, 89 Ark. 154.

These fencing districts are provided for by law. Sections 1378 to 1413, Kirby's Digest. These sections provide the procedure for their organization and contemplate that considerable expense will be incurred upon their creation, and provision is made for their maintenance and protection. When the order of the county court is made, the fencing district becomes a permanent entity, until it is dissolved; but until it is dissolved, the law fixes the rights and liabilities of residents within the district. The petition for the establishment of the district specifies what stock the petitioners wish to restrain from running at large, and when the district is established, the court makes an order restraining the stock, mentioned in the petition, from running at large within such district, and the fencing district law applies to all such stock as are so mentioned. Kirby's Digest, section 1378. And, thereafter, it is unlawful for any person, owning or having control of stock that has been restrained from running at large, to knowingly permit such stock to run at large within the territory comprising such

fencing district, and any person, who violates the law by so doing, subjects himself to a fine. Section 1405, Kirby's Digest, deals with the same subject and provides for a double liability for damages done. It is as follows:

"Sec. 1405. After any fencing district has been inclosed by a good and lawful fence, it shall be unlawful for any person who is the owner, or who has control of any kind of stock, to let the same run at large in said district, and any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than one nor more than fifty dollars, and, in addition to the above fine, shall be liable for double the amount of any damages that any person may sustain by reason of said stock running at large in said district, to be recovered by action before any court having competent jurisdiction. *Provided,* this section shall not prohibit any person from fencing his or her lands, or any part thereof, separately, and pasturing the same."

The court's second instruction in effect interprets this section, as if it read, "after any fencing district has been inclosed by a good and lawful fence, *and, during the time, the same is maintained,* it shall be unlawful, etc." We do not think it a fair interpretation of the fencing law to say that the order of the court, establishing the district is effective only when the fences are lawful and the gates are closed, but we rather think that after the court has made its order, establishing the district and prohibiting stock from running at large, and after a lawful fence has once been built, that the order remains effective until the district is dissolved.

Appellant has collected a number of cases which, in effect, hold that the owner of stock is not liable for the trespasses of his stock unless they enter a close which is enclosed by a fence which the law has said shall be a lawful one, unless the owner wilfully drives his cattle or stock upon such defectively and insufficiently enclosed premises, in which last event, he would be liable without reference to the legal sufficiency of the fence. But it would be abstract to consider here the liability of the

owner of stock living without the district for damages for the trespass of his stock upon the lands embraced in a fencing district, enclosed by a fence which was not a lawful one. The defendant here resided in the district, and when he turned his stock loose, they would be unrestrained from entering upon any land where pasturage was good within the district. We conclude, therefore, that the judgment is correct, and it is accordingly affirmed.