CRANOR *v.* JENKINS.

Opinion delivered June 13, 1921.

ANIMALS—IMPOUNDING OF, WITHIN FENCING DISTRICT.—Under Crawford & Moses' Digest, §§ 4684, 4657, making it unlawful to per-

mit stock to run at large within a fencing district after the district has been inclosed by a good and lawful fence, the construction of a fence around a fencing district is required only to the extent essential to the protection of the district from stock running at large; and where a fencing district is bounded on all sides by adjacent fencing districts already established, the construction of a fence is not required.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*J. W. Morrow,* for appellant.

The district does not become operative until the fence is built, in accordance with our statute, and it means that there must be a lawful fence around the boundaries of the district except in case of a navigable river. The theory of appellant is recognized in 107 Ark. 135. It was not unlawful for stock to run at large in this district until this district had been enclosed by such a fence as the statute requires. 107 Ark. 135.

*Mann & Mann,* for appellee.

The construction of a fence is only required to the extent that it is essential to the protection of the district from stock ruuing at large, and where there are other adjoining districts in which the running at large of stock is prohibited, the construction of a fence is not required. C. & M. Dig., § 4656, does not apply. See, also, *Ib.,* § 4663. Statutes must be reasonably construed to carry out the intention of the Legislature. 25 R. C. L., p. 967; 65 Ark. 521; 48 *Id.* 307; 107 Ark. 135.

McCULLOCH, C. J. This case involved the right of appellee to impound certain livestock—two mules, the property of appellant—found running at large within the bounds of a fencing district in St. Francis County, formed by order of the county court pursuant to the general statutes on that subject. Crawford & Moses' Digest, §§ 4655 *et seq.*

Appellant and appellee are both residents and owners of property situated within the boundaries of said district. The original statute authorizing the organization of fencing districts and prescribing the form of proceedings in regard to such districts was enacted by the

General Assembly of. 1891, but has been subsequently amended in several particulars. The original and amendatory statutes are cited in the notes to the sections of the digest referred to.

Section 4684 of Crawford & Moses' Digest was enacted as a part of the original statute (1891) and reads as follows:

"After any fencing district has been inclosed by a good and lawful fence, it shall be unlawful for any person who is the owner, or who has control of any kind of stock, to let the same run at large in said district, and any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not less than one nor more than fifty dollars, and, in addition to the above fine, shall be liable for double the amount of any damages that any person may sustain by reason of said stock running at large in said district, to be recovered by action before any court having competent jurisdiction. Provided, this section shall not prohibit any person from fencing his or her lands, or any part thereof, separately, and pasturing the same."

Section 4657 of Crawford & Moses' Digest was an amendment to the general statute enacted by the General Assembly of 1901, and reads as follows:

"It shall be unlawful for any person owning or having control of stock that have been restrained from running at large to knowingly permit such stock to run at large within the territory comprising such fencing district, and any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten dollars nor more than twenty-five dollars."

It is unnecessary to a decision of the present case for us to determine whether and to what extent, if any, these two sections are conflicting, or whether the former was to any extent repealed by the latter.

In the case of *Hill* v. *Gibson,* 107 Ark. 130, we recognized the force of that part of section 4684 which provides that it shall be unlawful to permit stock to run at large after "any fencing district has been inclosed by a good and lawful fence." The statute, as originally enacted, and as it stands in force today, provides, in substance, that the county court may create such districts upon the application of two-thirds of the landowners in the territory to be affected, and that a fencing board shall be appointed by the county court, whose duties are to "form plans for the building of a good and lawful fence and all necessary gates to inclose and protect said district," to procure estimates of the cost of such fence and to levy assessments on property in the district to pay for the construction of the fence. In section 4671 it is provided that the cost of keeping the fence in repair from year to year shall be paid in the same manner as the original cost of construction of the fence.

Section 4686, which was an amendment to the statute enacted by the General Assembly of 1897, expressly provides that any person finding stock running at large in a fencing district may impound the stock and, after notice, cause the same to be sold.

The district within which the stock of appellant was impounded is bounded on the south by a fencing district created by a special statute enacted by the General Assembly of 1919, Acts of 1919, page 308. It is bounded on the east by the Crittenden County line, that county being organized into a fencing district by a special statute enacted by the General Assembly of 1913, Acts 1913, page 183. It is bounded on the north and west by another fencing district in St. Francis County, created under the general statutes, the same as this district. There was no fence built around this district, it being bounded on all sides by other districts, and the sole question presented in the briefs for our consideration is whether or not the impounding of stock is authorized by the statute until after the fence has been built on the boundaries of the district, so as to completely inclose it.

It is contended that the district does not become operative until the fence is built in accordance with the provisions of the statute, and that the statute means that under all circumstances there must be a lawful fence around the boundaries of the district, except in case of a navigable river, which is expressly declared by the statute to be a sufficient barrier. On the other hand, it is contended by counsel for appellee that the statute should be interpreted to mean that the construction of the fence is required only to the extent that it is essential to the protection of the district from the intrusion of stock running at large, and that where there are other adjoining districts in which the running at large of stock is prohibited the construction of a fence is not required. Our conclusion is that the contention of appellee is correct, and that under a fair interpretation of the statute it is only meant to require the construction of a fence where necessary to constitute a barrier against the intrusion of stock from the outside. The lawmakers did not intend to require something that was wholly unnecessary for the protection of the owners of property in the district. Prohibition against permitting stock to run at large permits the farmers in the district to raise crops without inclosing their lands with fences and the lawmakers meant to protect them by requiring sufficient barriers around the outer bounds of the district so as to prevent the incoming of stock. But where there are other adjoining districts in which the running at large of stock is prohibited, there is no need of such protection.

The special acts referred to, which created the district in St. Francis County bounding this district on the south, and which created the district in Crittenden County, contained no requirements for the building of fences, but each of the statutes prohibited the running at large of stock in the respective territories, and this constituted a legislative determination in each instance that such prohibition and the penalties prescribed for the violation thereof constituted sufficient protection to the farmers who cultivate lands in those localities. This

being true, we can not assume that the lawmakers meant to require, under the general statutes, the building of a fence to keep out stock from another district where the running at large of stock is expressly prohibited. This, we think, is a more reasonable view of the statute, and which is undoubtedly the one which works out the best results. Of course, we must declare the law as we find it, but we consider the reasonableness of a requirement in order to determine the scope and extent which the Legislature meant to give it.

This view of the law affirms the judgment of the circuit court, and it is so ordered.

WOOD and HUMPHREYS, JJ., dissent.