KAMO ELECTRIC CO–OPERATIVE, Incorporated, Appellant,

v.

W. D. EARNEST and C. E. Earnest, et al., Respondents.

No. 7339.

Springfield Court of Appeals.

Missouri.

April 12, 1955.

Jack L. Rorschach, Vinita, Okl., Charles E. Ginn, Aurora, for appellant.

Robert Stemmons, Jr., Mount Vernon, for respondents.

McDOWELL, Presiding Judge.

KAMO Electric Co-operative, Incorporated, filed a petition in condemnation in the Circuit Court of Lawrence County, Missouri, December 5, 1952, to condemn an easement for right-of-way across an 800 acre tract of land belonging to the defendants for the purpose of erection, construction and maintenance of an electrical transmission line.

The commissioners, appointed by the court to assess damages, filed a report January 6, 1953, assessing such damages in the sum of $2100.

Exceptions were filed to the commissioners' report by both plaintiff and defendants asking for a jury trial.

On January 21, 1954, the cause was tried by jury and a verdict returned in favor of defendants assessing their damage in the sum of $1250. Judgment was entered upon the verdict.

Defendants filed motion for new trial January 29, 1954, and submitted therewith to the trial court, exhibit (A), verified by the affidavit of defendants' counsel in words and figures as follows:

"State of Missouri ⎫
County of Lawrence ⎬ ss.
                   ⎭

"Robert Stemmons, being duly sworn, says that Exhibit A attached hereto is a true and correct copy of a paper found in the jury room of the Lawrence County Circuit Court after the trial in the case of KAMO Electric Co-operative, Incorporated, against W. D. Earnest and C. E. Earnest, which was the only jury trial tried in said Circuit Court at the January Term, 1954, until the date of the making of this affidavit.

"Affiant further states that the paper which is in affiant's possession, and which will be submitted for comparison and of which Exhibit A is a copy, is in the opinion of affiant, in the handwriting of the foreman of the jury in the above-named case."

This affidavit was signed by Robert Stemmons and sworn to.

Exhibit (A) is as follows:

| "1000 | 1900 | 2500 | 100 |
|---|---|---|---|
| 2500 | 750 | 2000 | 1000 |
| ~~1700~~ | ~~10800~~ | ~~750~~ | ~~2500~~ |
| 1200 | 1000 | 2000 | 600 |
| 1250 | 1000 | 1200 | 1000 |
| 1700 | 1000 | 1200 | 1500 |
| | | | |
| 4100 | 3000 | 4400 | 2100 |
| 2100 | | | |
| 4460 | | | |
| 3000 | | | |

```
12)  13660  (1138
     12
     ──
     16
     12
     ──
      46
      36
     ───
     100"
```

The trial court's order sustaining defendant's motion for new trial is as follows:

"Motion for new trial, sustained on ground that verdict of jury is a quotient verdict and contrary to instruction of Court; being instruction #7."

Instruction No. 7 reads as follows:

"The court instructs the jury that, when you retire to your room to consider your verdict in this case, you have no right to determine the amount of

your verdict by marking down the amount estimated by each juror, and by addition ascertain the sum total, and then dividing by twelve, the number of the jury, and that all verdicts arrived at in that manner are unlawful and illegal."

Plaintiff appealed.

In our opinion we will refer to appellant as plaintiff and respondents as defendants.

Two questions of law are presented for decision. First, did the trial court err in finding that the verdict of the jury was a quotient verdict?

Secondly, did the trial court err in finding that the verdict of the jury was contrary to instruction No. 7?

The first question is raised under point II in plaintiff's brief. The grounds set out in the motion for new trial do not prove themselves. The only evidence from which the court could find that there was a quotient verdict rendered was exhibit (A) supported by the affidavit of defendants' attorney, that, in his opinion, the exhibit was in the handwriting of the foreman of the jury. The allegation in the motion for new trial was as follows:

"The verdict of the jury is a quotient verdict agreed to by the jurors beforehand."

We submit that accepting the statement of defendants' attorney in the affidavit as being true, together with the figures as shown in exhibit (A), we find, as a matter of law, such proof fails to establish that the verdict was a quotient verdict. The law, as to quotient verdicts in Missouri, is well settled. In Thompson v. City of Lamar, 322 Mo. 514, 17 S.W.2d 960, 977, the law is stated:

"It is the well-established and settled rule in this jurisdiction that a party who attacks a verdict upon the ground that it is a quotient verdict must show that there was a prearrangement among the jurors to accept the unknown and unascertained quotient as their verdict, and the presumption is that there was no such prearrangement among the jurors. Hagan v. Gibson Mining Co., 131 Mo.App. 386, 390, 111 S.W. 608; Ownby v. Kansas City Railways Co., Mo.App., 228 S.W. 879, 882; Ingram v. Poston, Mo. App., 260 S.W. 773, 775. And, if the jurors have not bound themselves beforehand to accept the unascertained quotient as their verdict, but after the quotient is ascertained they adopt it as their verdict, the fact that they fell upon that mode of reaching an agreement will not vitiate their verdict. Scott v. Kansas City Railways Co., Mo., 229 S.W. 178, 179, and cases cited."

In Chrum v. St. Louis Public Service Co., Mo., 242 S.W.2d 54, 56, the court made this statement:

"Defendant's contention that the above evidence shows a quotient verdict is without merit. The law is settled in this State that unless a prearrangement exists among the jurors to accept an unascertained quotient as their verdict, a verdict arrived at by the method of totalling suggested amounts and taking the quotient thereof, if then agreed upon, is not invalid; and the presumption is that there was no such prearrangement. * * *"

There is not a scintilla of evidence to support the finding of the trial court that the jury's verdict in the instant case was a quotient verdict. The evidence clearly shows that the jury did not follow the figures shown in exhibit (A). The judgment of the jury was for $1,250. The amount arrived at on the paper, identified as exhibit (A), was $1,138. No prearrangement, as required by our law for a quotient verdict, was shown. The court erred in holding the verdict to be a quotient verdict.

Plaintiff's first allegation of error is that the trial court erred in finding that the verdict of the jury was contrary to instruction No. 7.

This instruction was taken from Kansas City & N. C. R. Co. v. Shoemaker, 160

Mo. 425, 61 S.W. 205, 206. The court made no comment as to the giving of such instruction.

The general rule is that the jury is required to follow the law as declared by the instructions of the court whether such instructions are correct or erroneous and, if they fail to do so, such failure is ground for a new trial. Burrell Collins Brokerage Co. v. Hines, 206 Mo.App. 669, 230 S.W. 371, 373, and cases cited therein; Jackson v. Scott County Milling Co., Mo.App., 118 S.W.2d 1054, 1058; Payne v. Chicago & A. R. Co., 129 Mo. 405, 31 S.W. 885.

In Jackson v. Scott County Milling Co., supra, the court stated the law that if the instruction of the court were erroneous and the jury brought in a proper verdict despite the erroneous direction the conduct of the jury would be harmless error. Under this law the court cited Roberts v. Wilson, 225 Mo.App. 932, 33 S.W.2d 169; Hill v. Gibson, 107 Ark. 130, 154 S.W. 203.

We hold that the trial court erred in awarding a new trial because the jury failed to follow instruction No. 7. First, because there was no evidence upon which to base such a finding. The verdict of the jury shows that it did not follow the result of the mathematical computation found in exhibit (A). These figures indicate $1,138 was the amount arrived at by such figures. The verdict of the jury was $1,250. There is no evidence that there was any agreement among the jurors to reach a verdict or to determine the amount of the verdict by marking down the amount estimated by each juror, and, by addition, ascertain the sum total, and then dividing by 12, the number of the jury. If we consider the affidavit of defendants' attorney that, in his opinion, the figures were in the handwriting of the foreman of the jury and that the paper was found in the jury room, we would not be justified in finding that the final determination of the damage due the defendants was reached in the method shown by the figures on this exhibit.

We think a proper interpretation of instruction No. 7 is that the court instructed the jury that they had no right to agree among themselves to determine the amount of damages due defendants by marking down the amount estimated by each juror and adding the same together and dividing by 12; that such a method of reaching a verdict is illegal. In other words, the jury could not lawfully reach a quotient verdict.

In Cramer v. Smith, 350 Mo. 736, 168 S.W.2d 1039, 1041, the Supreme Court made this statement of law:

"* * * The verb determine 'has been variously defined, the three principal senses being to ascertain, to bound, and to terminate.' 26 C.J.S., Determine, pp. 1257, 1258. 'To put or set an end to; to bring to a close; to terminate.' (Webster's International Dict.) In Hanchett Bond Co. v. Glore, 208 Mo.App. 169, 232 S.W. 159, 160, it was said, 'The term "determination" may "properly, and according to legal use as well as according to its derivation, signify the coming to an end in any way whatever * * * more specifically the final result of a proceeding." 18 C.J. 983.' (Italics, the present writer's.) * * *"

We agree with plaintiff herein that instruction No. 7 should be construed as meaning that the jury had no right to put an end to their search for the amount of their verdict, or to terminate the consideration of their verdict, or to bring to a close their deliberations, or to fix the amount of damage in their verdict by agreeing beforehand that they would abide by a quotient derived at by adding together the estimates of damages of each individual juror and dividing that amount by twelve. In other words, the jury were told by this instruction that it was unlawful to find a quotient verdict.

Judgment reversed with directions that the verdict of the jury and judgment thereon be reinstated.

STONE and RUARK, JJ., concur.