W. F. CUNNINGHAM, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Common Carriers**: ACT OF GOD: EVIDENCE. The evidence of a sudden storm, if believed, was sufficient in point of law to excuse the carrier from delivering the goods on time, but there was likewise sufficient contradictory evidence to support a finding for the shipper.

2. **Evidence**: DECLARATIONS OF CONDUCTOR: RES GESTAE. The declarations of a conductor of a delayed train relating to the causes of the delay made during the course of the delay, are part of the *res gestae* and are admissible against the carrier.

Cunningham v. Wabash R. R. Co.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

GEO. S. GROVER for appellant.

The court permitted incompetent testimony to be introduced. Barker v. Railway, 126 Mo. 143. The sole cause of action here stated, the delay, was occasioned by a sudden and unusual storm, an act of God, which excused the carrier. For that reason the verdict should have been for the defendant. Ballentine v. Railway, 40 Mo. 491; Pruitt v. Railway, 62 Mo. 527; Davis v. Railway, 89 Mo. 340; Stanard v. Transit Co., 122 Mo. 276; Coleman v. Railway, 36 Mo. App. 476.

C. B. SEBASTIAN for respondent.

(1) These statements of the conductor were not made after the delay had occurred, as stated in italics by appellant, but they were made by the conductor during the delay; they were statements in the line of his duty as agent of the defendant and were properly admitted. The statements and acts were of a continuous transaction. Leahey v. Railroad, 97 Mo. 165; Barker v. Railroad, 126 Mo. 143, does not overrule this principle. (2) The question as to whether the delay was occasioned by the negligence of the company, or was the act of God, was a question of fact tried by the court, resulting in a finding that it was due to the negligence of the defendant company, and the finding is fully sustained by the evidence.

ELLISON, J.—This is an action for damages alleged to have resulted to plaintiff by reason of a failure to carry two cars of live stock from Columbia to East St. Louis with diligence and dispatch, so that they arrived too late for the market.

of the day they should have arrived, and the market declining the next day caused a loss to plaintiff. The death of a number of hogs was also charged to the delay. But for these nothing was allowed by the trial court, on the ground that no notice of the loss was given to defendant within five days as required by the contract of shipment. The trial court, however, found for the plaintiff for the loss in the market price.

The trial was by the court without the aid of a jury. Declarations were given for plaintiff, which should certainly not be subject to complaint by defendant. They were given of the court's' own motion and perhaps could more properly be credited to defendant's than to plaintiff's side of the case. Practically all of the declarations asked by defendant were given, except a demurrer to the evidence. We say this from the fact that those refused were substantially given in the court's own declarations which are credited to plaintiff in the record.

There are then but two questions in the case, viz.: The sufficiency of the evidence to support the finding and the admission in evidence of the conductor's declarations.

The defense was that the delay was caused by the act of God, in that a sudden snow storm occurred about as the shipment began and continued with violence that night so as to impede the travel of the train, thus causing the delay. This defense was amply supported by testimony, especially of the conductor. If believed by the court, it was sufficient in point of law to excuse defendant for the delay in transportation. Ballentine v. Railway, 40 Mo. 491; Pruitt v. Railway, 62 Mo. 527; Davis v. Railway, 89 Mo. 340; Stanard v. Transit Co., 122 Mo. 276; Coleman v. Railway, 36 Mo. App. 476.

But on the part of plaintiff there was abundant evidence tending to show that the delay was not attributable to the snow storm; on the contrary, was caused by an old and defective engine which was out of repair, and by reason of an

overload or a too heavy train. The testimony of plaintiff and others who were on the train the night of the shipment, tends to show that while there were repeated annoying delays, they were not caused by snow; that while it was very cold and windy, the snow was slight; that other freight trains passed them repeatedly each way while they were standing on side tracks, and nothing was observed by these witnesses of any thing in the snow to prevent the usual travel. They heard no mention of such being the cause of the delay by any of the train crew during the whole of the trip, notwithstanding much complaint was made by the shippers; on the other hand, that the conductor repeatedly told them that the delay was caused by an old engine out of repair, and a too heavy load.

The testimony as to what was said by the conductor is objected to as not being relevant and not a part of the *res gestae*. That is to say, the statements made by the conductor, as contended in argument, were after the delay had occurred. The record does not support defendant's position. The declarations of the conductor were made at the time the delay was occurring and not after it had transpired. It is true that some of his declarations may have been made after some of the delay had occurred, but they were all made during the course of the entire delay—a continuous act. This condition of the record makes it necessary to go into the question of how, though a statement is made after the event, it may yet be so connected with the event as to form a part of the *res gestae*. It makes it unnecessary for us to enter into a discussion of this branch of the law as reviewed by the supreme court in Barker v. Railway, 126 Mo. 143, or by us in Stevens v. Walpole, 76 Mo. App. 213, since under either the majority or minority opinions in the former case the testimony here was properly admitted by the trial court. The record contains nothing which would justify us in disturbing the judgment and it is accordingly affirmed. All concur.

EVIDENCE: declarations of conductor: res gestae.