UNIONVILLE PRODUCE COMPANY, Respondent,
v. CHICAGO, BURLINGTON & QUINCY RAIL-
ROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 31, 1912.

1. CARRIERS OF GOODS: Delayed Shipment: Jury Question.
In an action prosecuted by a shipper of perishable property
to recover damages resulting from negligent delay in the
transportation of the shipment, the defendant contended that
a severe storm caused the delay in the yards of a connecting
railroad, and hence there was no negligence on its part.
*Held*, that the demurrer to the evidence was properly over-
ruled, and the question of negligent delay was rightfully
submitted to the jury.

2. ———: Unusual Delay: Accidental Causes. Proof of an
unusual delay is not proof of negligence since such delays
often result from accidental or unusual causes which reason-
able care would not anticipate.

3. ———: ———: Question for the Jury. The fact of unusual
delay with slight evidence of neglect will suffice to take to
the jury the issue of whether the delay was negligent or excus-
able.

4. ———: Acceptance of Freight: Notice of Delay. The accept-
ance of a shipment of freight by a carrier without notice to the
shipper that there may be delays, is equivalent to an assurance
that it will be delivered in a reasonable time, except for the
intervention of excusing causes of subsequent occurrence.

5. ———: Instructions: Definitions. When the defendant ob-
jects to an instruction of the plaintiff's concerning a defini-
tion of its negligence, it should be taken advantage of, by its
own instruction.

Appeal from Putnam Circuit Court.—*Hon. Geo. W.
Wanamaker,* Judge.

AFFIRMED.

*O. M. Spencer, Palmer Trimble* and *J. C. McKin-
ley* for appellant.

*N. A. Franklin* for respondent.

JOHNSON, J.—This is an action prosecuted by a shipper of perishable property to recover damages resulting from negligent delay in the transportation of the shipment. The cause pleaded in the petition and submitted to the jury is founded on a breach of defendant's common law duty. The answer in addition to a general denial pleads a written contract of affreightment which by its terms restricted defendant's liability to its own line and alleges that the negligent delay, if any, occurred on the line of a connecting carrier. A trial of the issues resulted in a verdict and judgment for plaintiff and the cause is here on the appeal of defendant.

In the afternoon of December 15, 1909, defendant received from plaintiff at Unionville, Mo., a carload of dressed poultry consigned to a firm of commission merchants in Philadelphia and undertook to transport the shipment to its destination via the Baltimore and Ohio Railroad. A shipping contract was entered into which called for a through shipment and imposed certain restrictions on defendant's common law liability, but we do not understand counsel for defendant as contending in their briefs that defendant should not be held liable for the injurious results of a negligent delay whether such negligence occurred on defendant's line which ended at Chicago or on the lines of the connecting carriers. Their main contention is that the evidence of plaintiff fails to show a negligent delay at any stage of the transportation and, therefore, that the court erred in sending the case to the jury. There is evidence tending to show that in the present instance two days were added to the time usually required for the transporation of such shipments. The car was run from Unionville to Chicago on schedule time and there was no unusual delay on the line of the Baltimore and Ohio Railroad Company. The lost time occurred at Chicago while the car was in the possession of the Belt Line Company. More than

forty hours were consumed by that company in switch-
ing the car from the yards of defendant to those of
the Baltimore and Ohio Company, a distance of eight
miles.   The evidence of plaintiff will support the in-
ference that the delay was caused by the car "becom-
ing lost" in the yards of the Belt Line.  Contradictory
of this evidence is the testimony of the traffic manager
of that company, introduced as a witness by defend-
ant, who testified that all railroad yards in Chicago
had become congested on account of a severe storm
and the delay was caused by that condition and not by
any lack of care or effort on the part of his company.
He states that "on the 12th and 13th of December it
rained and sleeted, and this caused practically a solid
cake of ice in the yards, and a good many of the cars
were icebound and had to be picked out with picks
before they could move them.   This congested the
yards and made it less accessible for handling the
shipments; it was almost impossible to get up the
trains and get them moving.   That appeared not only
in the yards of the Belt Railroad but all the yards."
Further he said that five inches of snow fell on De-
cember 17 and three inches more between that day
and the 19th.

The gravaman of plaintiff's cause of action is
negligence and the burden is on plaintiff to prove not
only an unusual delay in moving the car at Chicago
but that such delay was negligent under all the cir-
cumstances of the case.   Proof of an unusual delay is
not proof of negligence since such delays often result
from accidental or unusual causes which reasonable
care would not anticipate.   [Cunningham v. Railroad,
79 Mo. App. 524; Lay v. Railroad, 157 Mo. App. 467;
Ecton v. Railroad, 125 Mo. App. 223.]   But given the
fact of an unusual delay, slight evidence of neglect
will suffice to take to the jury the issue of whether
the delay was negligent or excusable.   [Holland v.
Railroad, 139 Mo. App. 702; Gilbert v. Railroad, 132

Mo. App. 697; Fruit Co. v. Railroad, 163 Mo. App. 427.]

If this car of valuable and perishable merchandise became lost in the yards of the Belt Line Company, such fact, if unexplained, would support an inference that the delay was due to negligence since railroad companies must systematize their business, and it would be a poor system indeed that would not keep track of important affairs of the business. If, on the other hand, the delay was due to extraordinary weather conditions which retarded the movement of cars and congested the terminal yards at Chicago while the shipment was there, such delay should not be regarded as due to negligence but to causes reasonable care would not anticipate and obviate. The argument of defendant that no negligence is shown, when fully analyzed, is found to rest on the verity of the traffic manager's testimony to the effect that an unavoidable congestion of the yards at Chicago was the cause of the delay. But our view of that evidence is that it merely raised an issue of fact for the jury to determine. We would not be justified in accepting it as conclusive in the face of facts and circumstances which point to negligence as the true cause of the delay and, therefore, contradict the testimony of the traffic manager. Moreover his version of the occurrence is marked by intrinsic defects the jury were entitled to consider and weigh. For example, if, as he states, the yards became congested on December 13 because of the sleet storm, and the movement of cars was brought to a practical standstill, the query of counsel for plaintiff becomes quite pertinent, Why did defendant two days later receive the shipment in controversy without notifying plaintiff of the existence of a condition at Chicago that would cause delay in the transportation? As we said in Russell v. Grain Company, 114 Mo. App. l. c. 496, the carrier is not expected to perform the impossible and may re-

fuse to accept freight unless the shipper will agree to suffer delay in delivery, made necessary by extraordinary conditions. But the acceptance of a shipment without such stipulation or without notifying the shipper of the fact that it cannot be delivered promptly is equivalent to an assurance that it will be delivered in a reasonable time, except for the intervention of excusing causes of subsequent occurrence. And in such case the carrier would not be allowed to excuse a delay it knew at the time it accepted the shipment would be certain to occur.

The evidence, as a whole, presented the pleaded issue of defendant's negligence as one of fact for the jury to determine and the court did not err in overruling the demurrer to the evidence.

Point is made that the instructions given at the request of plaintiff did not properly define the negligence for which plaintiff was entitled to recover his resultant damages, but we think the instructions are sufficiently definitive. If defendant desired a more specific definition it should have requested it in its own instructions.

We deem the criticism of plaintiff's instruction on the measure of damages too hypercritical to call for specific notice. The case was fairly tried and the judgment is affirmed. All concur.