STATE OF MISSOURI, at the relation of THOMAS H.
    KEMP, Prosecuting Attorney of Livingston County
    on the information of JOHN HUDGINS, Informer,
    Respondent, v. THE HANNIBAL & ST. JOSEPH
    RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, March 4, 1889.

Stipulation That Case Shall be Tried on Same Evidence
    as Former Case: CONSTRUCTION AND EFFECT. A stipulation of
    parties to a series of similar suits, being stripped of its redundancy,
    in substance provided, that in the thirty-seven untried cases the
    evidence adduced shall be the same as in the one tried ; and that the
    finding of facts in the case tried shall be the finding of facts in the
    untried cases. *Held*, that when this case came on for trial in the
    circuit court and the foregoing agreement and bill of exceptions in
    the formerly tried case were submitted to the court under the com-
    plaint, its sole function was to enter a judgment on the agreed
    finding, its jurisdiction being restrained thereto by the agreement,
    and if there were undeveloped points in the record of the tried
    case which might have been, but were not made the basis of an
    exception, they were by necessary implication waived.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S.
    GOODMAN, Judge.

AFFIRMED.

*Thomas E. Turney, Strong & Mosman,* for
appellant.

(1)   The term public road is defined by the statutes ;
and the statutory definition is exclusive. Sess. Acts
1872, sec. 7, p. 139 ; R. S., sec. 6931 ; *Bauer v. Railroad,*
69 Mo. 219–222 ; *State v. Railroad,* 19 Mo. App. 104 ;
*Luckie v. Railroad,* 76 Mo. 639. It means a road or
way legally established under the provisions of the

statute. To these may be added roads dedicated by the owners of the land accepted and used by the public; and roads established by adverse uses by the public for a period of ten years. *State v. Walters*, 69 Mo. 463; *Zimmerman v. Snowden*, 88 Mo. 218; *State v. Wells*, 70 Mo. 635; *State v. Ramsey*, 76 Mo. 398; *Bauer v. Railroad*, 69 Mo. 219; *Luckie v. Railroad*, 76 Mo. 639; *Brown v. Railroad*, 20 Mo. App. 427. (2) The road mentioned in the information was not legally established under the statue, because: (*a*) There was no notice of the application posted as required by law. Sess. Acts, 1872, sec. 36, p. 200. (*b*) There was no proof that the petitioner resided within three miles of the road proposed to be established. Sess. Acts, 1872, sec. 35, p. 200. Both these facts are jurisdictional, and must be proved; and unless the record shows that the proof was made, the act of the officers in laying out and establishing the road is void. *Whitely v. Platte County*, 73 Mo. 30; *Railroad v. Judges*, not yet reported; *Ells v. Railroad*, 51 Mo. 200. (*c*) The order establishing the road is not signed by the surveyor. Sess. Acts, 1872, sec. 37, p. 200. It is not established by dedication of the owners of the land over which the road passes. "Proceedings to open a public road must be taken in their entirety, and if they are void as to one of the parties in interest, they are void as to all." *Anderson v. Pemberton*, 89 Mo. 61. It was not established by limitation. The road had been worked and traveled by the public since April 1, 1873, and the penalty sued for was incurred October 2, 1882. *State v. Walters*, 69 Mo. 463. (3) "The statute is penal, and should be strictly construed, and so as not to enlarge the liability it imposes, nor allow a recovery unless the party seeking it brings his case strictly within the terms or condition authorizing it." *State to use v. Railroad*, 19 Mo. App. 104-106. If a recovery is permitted on proof which shows that the road is recognized

and traveled as a public road, then every possible differ-ence between the proof required in a suit for the penalty and for an injury sustained in consequence of the failure, is eliminated. The proof would be precisely the same in both cases. *Luckie v. Railroad, supra; Brown v. Railroad,* 20 Mo. App. 427 ; *Bauer v. Rail-road,* 69 Mo. 219. (4) That the point now made is not conceded by the agreement, and was not decided by the supreme court, is shown by the agreement and the decision. The point was made in argument, but the decision says : "At the trial no objections were made to the introduction of plaintiff's evidence ; nor were any exceptions saved at the time, and it is now too late to raise that point." *State ex rel. v. Railroad,* 89 Mo. 578.

*Thomas H. Kemp* and *Jonas J. Clark,* for respondent.

We say that this cause is settled by the agreement between Easley, counsel for appellant, and Clark, of counsel for respondent, as to all facts of the case, and the decision of the supreme court in cases of *State ex rel. v. Railroad,* 89 Mo. 562 ; and *State ex rel. v. Railroad* (one of these cases ;—the one referred to in the agreement, as "tried"), decided June 7, 1886, 89 Mo. p. 571, and the case of *State ex rel. v. Railroad,* decided by this court at April term, 1888, on twenty-third of that month, and not yet reported. The facts of these cases were all settled, and the evidence, as admitted by the agreement, was bound to go before the court, and the finding of the facts was bound to be the same in the untried causes as the court found in the cause tried.

SMITH, P. J.—This action was one of thirty-seven brought by plaintiff against defendant to recover the penalty provided in section 806, Revised Statutes. It

was originally begun before a justice of the peace of Livingston county, from where it was subsequently removed by appeal to the circuit court of that county, and from thence by change of venue to the circuit court of Daviess county, where it was tried without the intervention of a jury.  At the trial the plaintiff gave in evidence the following agreement.

An agreement between George W. Easley, attorney for defendant, and Jonas J. Clark, attorney for plaintiff, as follows :

"It is agreed between the parties in this suit, and in thirty-seven others between the same parties, that each of the untried cases shall be submitted to the court upon the same evidence as to the facts as has been offered on the part of plaintiff and given to the court on the trial of the causes herein named, already tried by the court ; that it shall be taken and held in such cases, as well those not tried as those tried ; that plaintiff offered evidence tending to show and prove that at the time and place named in the complaint, the defendant ran the engine and train named in the complaint, across the highway named in said complaint without ringing the bell or sounding the whistle on said engine, at any time or place within eighty rods before said engine crossed said crossing ; the record of the opening of the highway to be considered as offered by plaintiff in each case, as also evidence tending to show that said road named in the complaint had been opened in 1872, and had been traveled and worked by the public since April 1, 1873, and that the defendant built cattle-guards on the west side before April 1, 1873, and on the east side since April 1, 1873 ; that the finding of the facts in the cases tried shall be the finding of the facts in the cases not tried ; that the remaining cases ( that is, those not tried ) shall be continued to await but not to abide the decision of the court in the causes tried ; and if either party desires to appeal to the supreme court, the causes

which have not been tried by this court shall be continued to await (but not to abide) the decision of the supreme court upon the causes herein named that are taken to the said court. It is further agreed that the defendant offered no testimony or evidence tending to disprove or contradict the evidence offered by plaintiff as to the facts as to running the engine and train across, or as to working the road. It is further agreed that the continuance of the cases continued shall be without prejudice to the rights of either party to amend its statement or record upon the decision of the circuit or supreme courts in the cases decided or appealed.

"(Signed)     J. J. CLARK, for plaintiff.

"GEORGE W. EASLEY, for defendant."

The plaintiff then offered in evidence the bill of exceptions in the case between the same parties reported in 89 Mo. 571. To so much thereof as set forth the petition, record and proceedings to establish the public road mentioned in the complaint, the defendant objected. The bill of exceptions shows that when said evidence was adduced in that case, 89 Mo., *supra*, that no objection was made thereto.

The circuit court permitted, over the defendant's objections, the whole of said bill of exceptions to be read in evidence.

The said agreement and bill of exceptions was all the evidence offered in the case.

The defendant at the conclusion of the evidence asked a number of instructions, all of which were refused. The finding and judgment of the court was for the plaintiff.

The defendant filed the usual motion for a new trial and an arrest of the judgment which were by the court severally overruled. The defendant brings this case here by appeal.

The paramount question lying here at the very threshold of inquiry into this case and to which the counsel on either side seemingly attach very little importance—at least we are lead to infer as much from the meager consideration which it has received in their respective briefs—is whether under the provisions of said agreement, the judgment and decision of the supreme court, reported in 89 Mo., is conclusive in this case ; whether the judgment is not under said agreement decisive of every question of law and fact in this, whether objections to evidence or declarations of law that were not raised and presented in that case can now be considered in this. If these questions can be answered in the affirmative, then that will bar all further inquiry, and if in the negative then we may look into the grounds of defendant's appeal.

The solution of these questions must be found in the construction of the said agreement which, if stripped of the useless and redundant words with which it is incumbered, provides about as follows :

*That in the thirty-seven untried cases the evidence adduced shall be the same as in the one tried*; *and that the finding of facts in the case tried shall be the finding of facts in the untried cases.* There is some further provision that the untried cases shall await the decision of the supreme court in the case tried.

When an argument is presented for judicial construction it behooves the court to endeavor to effectuate the intention of the parties, as that intention is ascertainable in the light of the surrounding circumstances by the rules governing the construction of such instruments. Considerations of good faith demand that the parties be held within the circumference of the obligations they have voluntarily assumed. Courts, too, should be careful not " to stick in the bark" and strain the

language therein employed so as to lead to a construction which bears the impress of improbability or unreasonableness. *Hannah v. Baylor*, 27 Mo. App. 302. Applying these rules to the instrument under consideration what must be our conclusion? The purpose of the plaintiff and defendant in entering into this agreement was evidently to avoid the labor and cost incident to the trial of thirty-seven other cases which were essentially like the one tried. No doubt the case tried and appealed to the supreme court was intended to be a test case, hence it was stipulated in said agreement *that the evidence in the untried cases should be the same as in the tried case and that the finding of the facts in the tried case should be the finding of the facts in the untried cases.* After this agreement was entered into by counsel the tried case was taken to the supreme court by appeal where the finding and judgment of the circuit court were not disturbed. When this case came on for trial in the circuit court of Daviess county and the agreement and bill of exceptions were submitted to it under the complaint, its sole function was to enter a judgment on the agreed finding. Its jurisdiction was restrained by the agreement of the parties to this.

If there were undeveloped points in the record of the tried case which might have been, but were not, made the basis of an exception, they are by necessary implication waived by the parties when it was stipulated that the evidence in the untried cases should be the same as in the tried one, and that the findings should be the same.

To permit a different finding in this case than that which was made in that would be to overthrow the agreement. A construction which would abrogate the most important stipulation of the agreement and thus defeat the manifest intention of the parties is not to be tolerated in a court of law.

There is nothing in the provision, authorizing either party after the decision of the circuit or supreme courts

to amend the complaint or record, inconsistent with the view we have expressed in respect to the meaning of said instrument, for the reason that the sufficiency of the complaint had been questioned and plaintiff simply reserved the right to amend it without prejudice, if made necessary by the opinion of the supreme court, on the appeal from the judgment in the tried case. As we understood it, this agreement in effect provides that if the judgment of the circuit court should be affirmed by the supreme court in the tried case, then the plaintiff would be entitled to a like finding and judgment in the other cases.

And if on the contrary said judgment had been reversed and the cause dismissed that the defendant would have been entitled to a like judgment in the other untried cases. The agreement and the finding in the tried case constituted an agreed case, upon which the circuit court was authorized in this case to pronounce its conclusion of law. *Mumford v. Wilson*, 15 Mo. 372; *Gage v. Gates*, 62 Mo. 416.

In the face of such an agreed case the circuit court could pay no attention to objections to evidence or to proposed instructions. On the finding provided for in the agreement it could do nothing but enter judgment. We do not think for these reasons that it was error in the circuit court to overrule defendant's objections to said record evidence or to refuse said instructions.

It is likely that the theory of law presented by the defendant's instructions would have been well enough under other conditions but in this case they could not be considered for the reasons we have already indicated.

The judgment of the circuit court is affirmed. All concur.