YORK, Respondent, v. CITY OF EVERTON, Appellant.

St. Louis Court of Appeals, Argued January 19, 1909, Opinion filed February 23, 1909.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalks: Personal Injuries.** This cause was before the Kansas City Court of Appeals and is reported in 121 Mo. App. 640, where the pleadings and facts are fully set out and the law declared according to which the instructions presented in this case were framed.

2. **PRACTICE: Admissions: "For the Purpose of this Suit."** Where evidence was admitted on the trial "for the purpose of this suit," it could not be excluded as incompetent at a subsequent trial of the same case.

3. ———: **Judicial Notice.** Courts take judicial notice of the incorporation of cities of the fourth class.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*Howard Ragsdale, Wright Bros., Ben M. Neal* and *Chas. F. Newman* for appellant.

*Edwin Frieze* and *O. T. Hamlin* for respondent.

REYNOLDS, P. J.—This case was before the Kansas City Court of Appeals on an appeal from the circuit court of Dade county, in which it originated, Everton being a city of the fourth class and situated in that county, and is reported 121 Mo. App. 640. The judgment in the case was reversed by the Kansas City Court of Appeals and the cause remanded, and thereupon it was taken by successive changes of venue to Lawrence county and subsequently to Greene county, in the circuit court of which latter county verdict and judgment were rendered in favor of plaintiff for the sum of $2,000. A motion for new trial having been filed, the circuit judge announced that he would sustain it unless plaintiff remitted $1,200 of her verdict. The remittitur was entered for the amount whereupon the motion for new trial was overruled, judgment being entered for $800 in favor of plaintiff, and from that the defendant has taken an appeal to this court, exceptions being duly saved.

The facts developed in the case at the trial in the circuit court of Greene county were practically the same as developed in the trial in Dade county, from which judgment the appeal was taken to the Kansas City Court of Appeals, and the pleadings do not appear to have been changed. We therefore refer to the statement of the pleadings and facts set out in the report of the case when before the Kansas City Court of Appeals as sufficient for the purposes of the present decision. At the trial in Greene county, evidence, for error in excluding which was assigned as one of the grounds for reversal by the Kansas City Court of Appeals, that is, evidence *pro* and *con* going to the character of the plaintiff for chastity, was admitted, and the weight to be given such evidence submitted by proper instruction given in this trial. The errors found by the Kansas City Court of Appeals in instructions given and refused at the former trial were corrected in the instructions given at the trial in the Greene circuit court, the

only instruction given on behalf of plaintiff being as follows:

"If you find from the evidence that the place where plaintiff claims to have been injured was a sidewalk of one of the public streets of the city of Everton, and if you find from the evidence that said sidewalk was defective at the place aforesaid by having one or more loose boards therein, and if you further find from the evidence that defendant knew of such defect or if the defects had existed for such a length of time that defendant by the exercise of reasonable care should have known thereof and afterwards had reasonable time to repair same, and if you further find from the evidence that plaintiff on the morning of October 27, 1904, was walking along said sidewalk and was at the time exercising reasonable care for her own safety, and if you further find from the evidence that while so doing she stepped onto such loose board or boards and fell by reason of such defect and was injured, then you will find the issues in favor of the plaintiff and assess her damages at such an amount as you may believe from the evidence will reasonably compensate or pay her for her pain and suffering consequent on such injury; and if you believe from the evidence that her injuries are permanent in character, then you may allow her a reasonable amount to compensate her for future pain, if any, which she may reasonably be likely to suffer on account thereof.

"Reasonable care means such care and prudence as a reasonably prudent person would exercise under like circumstances."

The principal errors complained of in the case are to the giving of this instruction and to the admission of evidence on various points in the case. It would serve no useful purpose to go into this matter in detail; it is sufficient to say that the above instruction, given by the court, fairly presented the case to the jury

135 App—39

and is within the rule announced as applicable to the case by the Kansas Court of Appeals when this case was before it, and was within the evidence.

Very strenuous argument is made by the industrious counsel for the appellant, on the proposition that there was no evidence tending to show that Everton is a city of the fourth class; and also to reading from the bill of exceptions of testimony of witnesses given at a former trial of the case. It appears that at the former trial it was admitted that "for the purposes of the suit," the city of Everton is a city of the fourth class, and the testimony read from the bill of exceptions was part of that given by two witnesses at the former trial. This does not appear to have been objected to and exceptions saved. Furthermore, proof of incorporation was not necessary. The courts take judicial notice of the organization of cities of the fourth class. [Revised Statutes 1899, section 5894; City of Billings v. Dunnaway, 54 Mo. App. 1; Trenton v. Devorss, 70 Mo. App. 8.] There is nothing whatever of merit in the contention. The incorporation was clearly admitted at the former trial, "for the purposes of this suit," which meant through all its stages. As to the testimony of the witnesses which was read from the bill of exceptions, it could not have had much effect on the jury one way or the other, and certainly could not have prejudiced defendant's case. Our own view, founded on examination of the testimony is, that the trial court treated appellant with all the consideration it was entitled to, when it required a remittitur of $1,200 as a condition for overruling the motion for a new trial. An examination of the whole record disclosing no reversible error the judgment is affirmed, all concurring.