HANCHETT BOND COMPANY, Appellant, v. S. O. GLORE, Respondent.

Kansas City Court of Appeals, May 23, 1921.

1. **ACTION: Words and Phrases: Determination of Cause Defined.** The term "determination" may properly, and according to legal use as well as according to its derivation, signify the coming to an end in any way whatever.

2. **STIPULATIONS: Validity: Conclusive as to All Matters Necessarily Included.** A valid stipulation is conclusive as to all matters necessarily included in the stipulation.

3. ———: **Not Affecting Procedure, is Binding and Not Controllable by Court.** A stipulation relating to some interest of the party which is wholly under his control and in no way affects the procedure in the cause, is binding upon, and cannot be controlled by, the court.

4. ———: **Judgment or Decree: Agreement that Judgment or Decree Shall be Determined by Judgment or Decree in Another Suit Valid and Binding.** Parties to a suit or their attorneys may enter into a valid agreement that the judgment or decree in that suit shall be the same as, or determined by, the judgment or decree in another, which is of the same character and involves the same issues or interests.

5. ———: **Dismissal of Appeal, Which Was Final Result of Suit, Held "Determination" of Suit Within Meaning of Stipulation as to Other Suits.** Where a stipulation is entered into that the parties

in several suits "shall abide the final result" of another suit, "it being understood and agreed that if this cause . . . is appealed by losing party, then this court shall render no judgment in the other cases until the determination of this cause in the appellate court, then this court shall dispose of each of said cases as herein agreed," *held*, that as stipulation did not provide for decision upon the merits, there was a "determination" of the other suit in the appellate court, within the meaning of the stipulation when an appeal to the Supreme Court was dismissed because appellant's brief did not comply with the rules of court and a rehearing was denied.

6. ————: Construction Liberally Construed: Construction Can Only be Had Where There is Room for Construction. While it is true that stipulations are to be liberally construed with a view, to effectuate justice, still construction can only be had where there is room for construction; and surrounding circumstances may be looked to in order to arrive at the true meaning and intention of the parties as expressed in the words used in the stipulation, and as the written stipulation is the only visible expression of their meaning, no other words are to be added to it, or substituted in its stead.

Appeal from the Circuit Court of Livingston County. —*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Davis & Ashby* for appellant.

*Paul D. Kitt* for respondent.

TRIMBLE, P. J.—This is one of several suits brought by plaintiff against various lot owners to recover of the owners of each lot their proportionate part of the expense of paving a street in Chillicothe, Missouri. While all of the suits were pending, a stipulation was duly entered into by all the parties thereto that one of of them, namely, Case No. 21, 999, Hanchett Bond Co. v. Palm et al., "shall be tried and submitted to the court" and that the other pending cases (including the one now before us), "*shall abide the final result* of the said above

entitled cause, viz., No. 21, 999, it being understood and agreed that if this cause, viz., No. 21, 999, is appealed by the losing party, then this court shall render no judgment in the above named and entitled cases *until the determination of this cause* in the Appellate Court, but that *on such determination* in the Appellate Court then this court shall *dispose of each of said cases* as herein agreed.''

The case No. 21, 999, in which said stipulation was filed, was tried in the circuit court resulting in a judgment for defendants therein. Plaintiff thereupon appealed to the Supreme Court of Missouri. That court rendered an opinion holding that appellant's brief did not comply with the rules of court, and for this reason the appeal wsa dismissed. [See Hanchett Bond Co. v. Palm, 220 S. W. 673.] This was done on March 13, 1920, and a rehearing was denied April 17, 1920.

On April 14, 1920, defendant, in the case now before us, filed a motion asking for judgment in his favor in accordance with the stipulation. On the 29th day of September, 1920, the trial court heard said motion based on said stipulation and, sustaining same, rendered judgment for defendant, from which plaintiff has appealed.

We have nothing before us as to the circumstances under which the stipulation was given or obtained nor as to the mutual intentions the parties had in mind in entering into it. There is nothing to show that in some way the stipulation failed to express the mutual intention of the parties. Only the bare statements of the stipulation itself, which are fully set forth above, are before us. Hence there is nothing for our consideration except the meaning of the plain bare statements of the stipulation. They are that the Palm case shall be tried and submitted to the court, and that the case at bar ''shall abide the *final result*'' in the Palm case, ''it being understood and agreed'' that if the Palm case is appealed by the losing party, then no judgment is to be rendered in the case at bar ''until the determination'' of the Palm

case, but that "on such determination" in the appellate court, then the trial court "shall dispose of'" each of said cases as in the stipulation agreed.

The term "determination" may "properly, and according to legal use as well as according to its derivation, signify the coming to an end in any way whatever" . . . "more specifically the final result of a proceeding." [18 C. J. 983.] It means, "according to legal as well as ordinary use, the coming to an end in any way whatever." [14 Cyc. 236.] A valid stipulation is conclusive as to all matters "necessarily included" in the stipulation. [36 Cyc. 1292.] A stipulation relating to some interest of the party which is wholly under his control, and in no way affects the procedure in the cause, is binding upon, and cannot be controlled by, the court. [36 Cyc. 1293.] "The rule is generally recognized that parties to a suit or their attorneys may enter into a valid agreement that the judgment or decree in that suit shall be the same as, or determined by the judgment or decree in another which is of the same character and involves the same issues or interests." [25 R. C. L. 1101.] Such stipulations are valid and binding. [City of St. Joseph v. Hax, 55 Mo. App. 293; State ex rel. v. Hannibal, etc., R. Co., 34 Mo. App. 591; Dowling v. Wheeler, 117 Mo. App. 169, 181.] Indeed there is no contention to the contrary, the only claim being that the court improperly construed the stipulation. But on this feature it will be observed that the stipulation nowhere says that if the Palm case was appealed, the disposition thereof which should control the result in the others should be a decision *on the merits* nor is any language used which is capable of that construction. The language used is that it is the final *result* which shall control, and that the case should be *disposed* of upon the *determination* of the case in the appellate court. The stipulation did not (as it might have done and as some of the stipulations in the cases cited did do), contain a proviso that the determination should be upon the merits of the case. The stipu-

Hanchett Bond Co. v. Glore.

lators did not see fit to do this, but made a very different agreement, one that is plain in its terms, making the right to a judgment in this suit depend on the *result* reached in the other case and not on the *manner* in which it was reached. It is somewhat similar to the stipulation in the case of Heirs of Watrous v. McKee, 54 Tex. 65, 71, where it was held that the stipulation therein made the right to a judgment in that suit "depend on the *fact* of recovery, not the *grounds* of recovery" in the other suit. (Italics ours.)

While it is true that stipulations are to be liberally construed with a view to effectuate justice, still construction can only be had where there is room for construction. As said in the Texas case cited supra, "Surrounding circumstances may be looked to in order to arrive at the true meaning and intention of the parties as expressed in the words used, 'but as they have constituted the writing the only outward and visible expression of their meaning, no other words are to be added to it, or substituted in its stead. The duty of the courts in such cases is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of the words they have used.' "

The controlling feature of the stipulation is that the judgment in this case "shall abide the final result" in the other cases, and the final result in the other case was a judgment for defendant.

If a writ of error had been taken in the Palm case within the time allowed by law, doubtless the judgment in the other case would not, on the date the Court rendered judgment herein, to wit, September 29, 1920, have been the "final result" in that case, and in that event the judgment herein would perhaps have been premature. But no such point is raised nor is there any claim that a writ of error was ever even applied for, so we cannot set aside the court's ruling on that ground.

The judgment is accordingly affirmed. The other judges concur.