STATE of Missouri, Respondent,

v.

Gerald JONES, Appellant.

No. 36117.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 11, 1975.

Opinion Modified on Court's Own
Motion, March 25, 1975.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Michael C. Horn, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant Gerald Jones was tried and convicted of first-degree robbery and sentenced to five years' imprisonment. On appeal, he contends the trial court erred in permitting the State to use certain testimony contrary to a pre-trial stipulation. We agree and reverse.

Before trial, the State stipulated that unless Jones testified to the contrary, the State would not use an incriminatory statement he had made to police after his arrest.

The State's evidence: Defendant entered Arby's Restaurant with a group of boys and approached the cash register, where defend-

ant brandished a pocket knife at a restaurant employee. Shortly after the group ran from the restaurant with money from the register, police arrested defendant and returned him to Arby's where the employee identified him.

On cross examination the employee testified he had also identified defendant at a lineup, when, according to other evidence, there had been no such lineup. The State then claimed surprise and renounced its stipulation. Over defendant's objection, the State elicited police testimony that defendant had admitted being with the group at Arby's. Defendant abided by the pre-trial stipulation and did not testify.

In attempting to justify its use of defendant's statement, the State contends a trial court may relieve parties from adhering to stipulations if there is no ensuing prejudice to the opposite party, and if it would be inequitable to hold the parties to their agreement. Ann., 161 ALR 1161, 1185. But here defendant *was* prejudiced by the State's retraction of its stipulation since without defendant's statement, the sole testimony placing him at the robbery site was that of the employee. The fact that the employee's testimony about the lineup may have been contradicted did not discharge the State from its stipulation. As the court said in *State v. Fields*, 434 S.W.2d 507[1–3] (Mo.1968), where the parties had stipulated as to the admission of certain evidence: "It would be almost unthinkable to permit defendant now to reverse his position . . . for the sole reason that the results were not favorable to him. . . ."

The court in *Landers v. Smith*, 379 S.W.2d 884[7–9] (Mo.App.1964), correctly stated Missouri's law: "A stipulation is a 'proceeding in court, under the court's supervision,' and is binding upon the parties with 'whatever force and effect a proceeding in court may have' until it is attacked or set aside. A stipulation should be interpreted in view of the result which the parties were attempting to accomplish."

Unless it is shown that a stipulation does not express the parties' mutual inten-

tion, "a stipulation relating to some interest of the party which is wholly under his control, and in no way affects the procedure of the cause, is binding upon, and cannot be controlled by, the court." *Hanchett Bond Co. v. Glore*, 208 Mo.App. 169, 232 S.W. 159 (1921).

The stipulation here neither concerned procedural statutes nor altered trial procedure. Nor was there evidence the stipulation was obtained by fraud, duress or mistake. The trial court was therefore bound by the agreement, *Pierson v. Allen*, 409 S.W.2d 127[3–5] (Mo.1966), and erred to defendant's prejudice in permitting the State to introduce evidence contrary to its stipulation.

The judgment is reversed and cause remanded for a new trial.

KELLY and STEWART, JJ., concur.