STATE of Missouri, Respondent,

v.

Gerald JONES, Appellant.

No. 37322.

Missouri Court of Appeals, St. Louis District, Division One.

April 12, 1977.

James C. Jones and James B. Ashwell, Asst. Public Defenders, St. Louis, for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

In 1975 defendant Gerald Jones was convicted of first degree robbery as an habitual criminal and sentenced to five years' imprisonment. We reversed on appeal, holding the trial court had erred in permitting the state to introduce defendant's incriminating statement contrary to a pretrial stipulation (*State v. Jones*, 539 S.W.2d 317 (Mo. App.1975)).

On retrial defendant was again found guilty and the jury set punishment at five years' imprisonment. Judgment followed and defendant has appealed. The critical issue is whether that first-trial stipulation was binding on the state at the second trial.

Defendant does not challenge the sufficiency of the evidence. Briefly, it showed he and several young men entered a restaurant in St. Louis, raised their voices and were "milling around," approached the cash register and began to push the buttons to open it. Defendant brandished a pocket knife when the restaurant manager tried to close the register. The men took $80 from the register and fled. Police soon arrested defendant and two others and returned them to the restaurant where the manager identified them.

On this second appeal defendant raises three points: (1) because of the stipulation made at the first trial, the court erred at the second trial by admitting into evidence defendant's incriminating statement that he had been in the restaurant during the robbery; (2) the trial court erred in denying defendant's motion to suppress statements because of the state's failure to comply with the discovery rules; (3) the trial court erred in permitting the state to amend by deleting reference to the Second Offender Act.

At the start of the first trial the parties stipulated: "The defendant made a self serving statement that the state doesn't intend to bring into evidence, or ask any of the witnesses concerning this statement; but reserves the right in the event that the defendant takes the stand and testifies differently than the statement to use it." Later in the first trial, the state renounced its stipulation and introduced defendant's incriminating statement. Defendant abided by the pretrial stipulation and did not testify. On appeal we reversed, ruling that the stipulation was binding on the parties and therefore the trial court erred by admitting defendant's incriminating statement into evidence.

On retrial, defendant attempted to maintain the first trial stipulation but the trial court ruled the stipulation was not binding in the new trial and the incriminatory statement was admitted into evidence. Again, defendant did not testify. The question now before us is whether the first trial stipulation was binding on the state on retrial. We say no. We perceive a material difference between two types of trial stipulations and the continuing force of each.

■ By one type of stipulation the parties agree to the existence or non-existence

of material *facts* involved in their lawsuit, and they thereby alter the justiciable issues. Once this is done the stipulated agreement generally remains in effect at retrial. As held in *Edwards v. Hrebec*, 414 S.W.2d 361[6] (Mo.App.1967), "A stipulation fairly entered into *as to some fact in issue* at a trial becomes a part of the record and is binding upon the parties and the court upon a subsequent trial of the same action, provided its terms do not limit it to a particular occasion, object or proceeding." (Our emphasis). To the same effect see *Hammontree v. Huber*, 39 Mo.App. 326, 1. c. 329 (Mo.App.1890), and *York v. City of Everton*, 135 Mo.App. 607, 116 S.W. 490, 1. c. 491 (1909), and *Hanchett Bond Co. v. Glore*, 208 Mo.App. 169, 232 S.W. 159[6] (1921). Each of these cases upheld the continuing force of a stipulation of fact which had limited and fixed the justiciable issues of the lawsuit.

■ As said, there is a material difference between the continuing force of parties' stipulation as to the *facts* which change the very nature of the issues to be tried, and on the other hand the parties' stipulation as to some *procedural matter*.

In effect, the stipulation here was: "If A does not testify, B will not testify." That did not change the issues of the case but merely restricted the manner of proving an issue. None of the previously cited cases on the continuing force of stipulations of material facts is relevant here where the stipulation concerned only the manner of proof.

In *Landers v. Smith*, 379 S.W.2d 884[7–9] (Mo.App.1964), and *State v. Harrison*, 539 S.W.2d 119[2, 3] (Mo.App.1976), it was held "a stipulation should be interpreted in view of the result which the parties were attempting to accomplish." Here that result was not to change the issues of the state's case against defendant but only to change the manner of proof, in effect, "If A does not testify, B will not testify." Since the issues at stake remained constant and nothing in the parties' stipulation indicated an intent it was to apply beyond the case then on trial, we hold the stipulation's force did not continue beyond that trial. It follows that the trial court did not err in admitting defendant's incriminating statement.

■ Defendant's second point concerning suppression of evidence was neither raised at trial nor in his motion for new trial and therefore is not preserved for review.

■ Defendant's third point concerning deletion of allegation of the Second Offender Act is patently harmless and non-prejudicial.

Judgment affirmed.

DOWD and WEIER, JJ., concur.