MARRIAGE OF Eileen Jane EBINGER
and John Richard Ebinger.

Eileen Jane EBINGER, Respondent,

and

John Richard EBINGER, Appellant.

No. 39526.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 7, 1978.

Robert S. Allen, Richard A. Aherns, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, for appellant.

Frederick H. Schwetye, II, Jenny, Cole & Eckelkamp, Union, for respondent.

GUNN, Judge.

The husband in his appeal in this dissolution of marriage proceeding complains of trial court error in the distribution of marital assets and of the award to the wife of her attorney's fees. Specifically, his plaint is that the award was based on a value of property contrary to stipulation between the parties with court approbation; that the division was based on a single instance of misconduct by the husband; that it ex-

ceeded the wife's own request; that there was no showing of the wife's inability to pay her own attorney's fees after the property distribution. We reverse and remand.

The parties were married in 1949 and separated in 1976. Six children were born of the marriage, with all but two fully emancipated and living outside the family home. Two minor sons resided with the wife. The wife had never held a job, nor was she trained for any particular employment, although during the period of separation she had taken training to be a medical assistant but had no prospects of employment. Central to the dispute before us is the real estate held by the wife and husband as marital property—an improved 68 acre tract of land in Franklin County and a cabin, also in Franklin County. Both parties agreed that the unencumbered cabin property had a value of $25,000. At trial the parties stipulated that the 68 acre tract with house had a value of $100,000 encumbered by an $80,000 mortgage, for a net value of $20,000. The trial court found the value of the real estate to be $25,000 for the cabin and $60,000 net value for the house and 68 acre tract. After awarding child support of $37.50 per week for each of the two minor children placed in the wife's custody and $200 per month for her maintenance, the trial court awarded the wife the cabin and the first $30,000 of net proceeds from the sale of the 68 acre tract with the house and its personalty. Additionally, the husband was ordered to pay the wife's attorney's fees of $5,320 and $1,760 owed on a pendente lite order. In the course of its findings of fact the trial court stated:

"The conduct of respondent [husband] during the marriage and during the pendency of this action has been reprehensible. Caribbean vacations with a girl friend while wife and children suffered is the sort of behavior condemned in conservative Franklin County."

The husband first contends that by reason of the stipulated value of the improved 68 acre tract at $100,000 subject to an $80,000 mortgage, the trial court was in error in finding a $60,000 net value for

the property. The record shows such an oral stipulation between the parties, which was concurred in by the court, as follows:

Q. [Wife's attorney] Do you have an estimate at this time as to the fair market value of that residence and sixty-eight acres?

A. [Wife] A hundred thousand dollars.

Q. In addition to that—

MR. ALLEN: [Husband's attorney] Your Honor, I think we might save some time here. The amazing part of this case is the parties were able to agree on one thing. They both list the appraised value as a hundred or in that—did you say a hundred?

THE WITNESS: Yes.

THE COURT: She said a hundred.

MR. ALLEN: And that's what we have it appraised at in our minds. There is another parcel of property which I think Mr. Schwetye might want to detail and have described. But according to Answers to Interrogatories both parties evaluate that at $25,000.

MR. SCHWETYE: [Wife's attorney] That's correct, Your Honor. We can enter that stipulation.

THE COURT: Then let's stipulate as to the value of the real estate. The homestead [68 acre tract] is worth a hundred grand the cabin is worth twenty-five?

MR. SCHWETYE: That's correct.

MR. ALLEN: And I think we might further save time. On this tract of land and house there is a mortgage of $80,000.

MR. SCHWEYTE: That's correct, Your Honor.[1]

Later, during his cross-examination, the husband gave the following testimony relating to the range of value of the 68 acre tract:

1. It is aphoristic that the husband and wife as property owners—though not real estate experts—are entitled to testify as to the reasonable market value of their property. *Krug v. United Disposal, Inc.*, 567 S.W.2d 133 (Mo.App. 1978); *State ex rel. Highway Com'n v. Johnson*, 563 S.W.2d 100 (Mo.App.1978).

The range would be from $120,000 to $180,000. Depending on when it's sold, the conditions of sale, and more important than anything, the condition of the house and premises.

The trial court obviously grasped this testimony and from it determined that the 68 acre tract had a net value of $60,000. This determination is in substantial conflict with the stipulation of the parties—concurred in by the court—that the net value of the property was $20,000. We hold that the trial court was in error in its deviation from the stipulation. While the stipulation was orally made, it was done in open court and had the same effect as a written stipulation. *City of St. Louis v. Londoff*, 518 S.W.2d 312 (Mo.App.1975). It is palpable that the stipulation was entered into by the parties free from any fraud, duress or mistake; it involved only a factual issue and was under court supervision. Hence, the parties and the trial court were bound by the agreement. *Pierson v. Allen*, 409 S.W.2d 127 (Mo.1966); *State v. Jones*, 539 S.W.2d 317 (Mo.App.1975) appeal after remand, 549 S.W.2d 925 (Mo.App.1977); *Landers v. Smith*, 379 S.W.2d 884 (Mo.App. 1964); *Hanchett Bond Co. v. Glore*, 208 Mo.App. 169, 232 S.W. 159 (1921). Further, the husband's subsequent testimony regarding the property value, paradoxical to the stipulation, was so speculative and conditional that it offered the trial court nothing by which to deviate from the stipulation and find a net value of the property other than $20,000. There was no substantial basis for the finding of a $60,000 net value. Therefore, the cause must be reversed and remanded for the division of marital property, using the stipulated property values. See *State v. Jones*, supra.[2]

The husband has raised other points on appeal which we must address.

2. *Turpin v. Turpin*, 570 S.W.2d 831 (Mo.App. 1978), is distinguishable from this case. In *Turpin*, an oral agreement for division of all marital assets was set aside as being in conflict with § 452.325, RSMo Supp.1975, requiring that such agreement be in writing. Here the stipulation related only to property value—not a division of property.

The husband argues that by its award the trial court has ignored the standards promulgated by § 452.320, RSMo Supp. 1975. The husband seizes the trial court's finding that the Caribbean excursion with a girl friend as surrogate for his family was "condemned in conservative Franklin County" and contends that it forms the sole basis for the trial court's division of marital property. We agree that if the trial court's conclusion were based on such a fusty and provincial attitude as to Franklin County's standards, it would be wrong and a gross misapplication of the law. But we do not so limit the trial court's finding as related to the single peccadillo of the Caribbean cruise. Initially, the trial court found that the husband's conduct had been reprehensible. And indeed, even the husband conceded that there was abundant evidence of his misconduct, although he contends there was fault on each side, including his wife's profligacy. In this court tried case, the trial judge is empowered to believe or disbelieve, reject or accept the evidence before it, including complete acceptance of the wife's testimony and rejection of the husband's. Determination of the credibility of witnesses rests with the trial court. *In re Marriage of Prenavo*, 556 S.W.2d 463 (Mo.App. 1977); *Mangan v. Mangan*, 554 S.W.2d 418 (Mo.App.1977). We do not view the trial court's finding of reprehensible conduct—and cause for the husband's expiation for wrongdoing—as being restricted to the Caribbean cruise. There is more, including the husband's admission that he was a "big guy and I loosened some of her teeth." There was also the testimony of the wife that while in a rage, the husband had broken three of her toes; that he had opprobrious drinking habits, was constantly bellicose and physically and verbally abusive of her and the children. There was evidence that during the 27 year marriage, the wife had contributed a $15,000 inheritance to the purchase of the couple's home and personal effects; that she was unable to support herself by reason of lack of training and age (50 years); that it would be desirable for her to have custody of the children in the family home. Under the circumstances, we cannot see that the trial court failed to comply with the standards of § 452.320. We also note that the division of marital property lies within the discretion of the trial court. *Fehr v. Fehr*, —— S.W.2d —— (Mo.App. St.L.Dist., 1978); *In re Marriage of Badalamenti*, 566 S.W.2d 229 (Mo.App. 1978); *Seiner v. Seiner*, 552 S.W.2d 54 (Mo. App.1977).

The husband contends that the award to the wife was overly munificent and was excessive as being a disproportionate division of the assets. We have held that the trial court erred in setting the basis for the marital property contrary to the stipulation. But the fact that an award might be disparate does not render it improper. All that is required is a just—not equal—division of the property. *Fehr v. Fehr*, supra; *Smith v. Smith*, 561 S.W.2d 714 (Mo.App.1978); *In re Marriage of Cornell*, 550 S.W.2d 823 (Mo. App.1977). As stated in *Burtscher v. Burtscher*, 563 S.W.2d 526, 527 (Mo.App. 1978):

> "The thrust of the dissolution law is to treat the marriage as a partnership to which each spouse presumably contributes equally. When the misconduct of one party changes that balance so that the other party must assume more than his or her share of the partnership load it is appropriate that such misconduct should affect the distribution of the property of that partnership. It is logical that if one party to the partnership has, because of the other's misconduct, contributed more to the partnership, he or she should receive a greater portion of the partnership assets."

Where, as here, there is conceded misconduct by the husband beyond the excursion in Caribbean waters with a lady friend, the trial court, without abusing its discretion, may award an unequal division of marital assets. See e. g. *Arp v. Arp*, 572 S.W.2d 232 (Mo.App. K.C.Dist., 1978), where the marital property division was 72 percent in favor of the wife, with the apparent basis for the trial court's division an illicit romance by the husband.

As the amount of marital property available for distribution is reduced, leaving less for each of the parties, the issue of attorney's fees is also remanded for the trial court's consideration.[3] We recognize that the granting of attorney's fees is vested within the considerable discretion of the trial court with consideration to be given to the wife's ability to pay. *In re Marriage of Buchmiller*, 566 S.W.2d 256 (Mo.App.1978); *In re Marriage of Dillon*, 559 S.W.2d 81 (Mo.App.1977); *Ortmann v. Ortmann*, 547 S.W.2d 226 (Mo.App.1977). But such fees may be granted even though proof of need is not established. *Blair v. Blair*, 571 S.W.2d 480 (Mo.App. St.L.Dist., 1978); *Zubiena v. Zubiena*, 557 S.W.2d 58 (Mo.App. 1977); *Beckman v. Beckman*, 545 S.W.2d 300 (Mo.App.1976).

The cause is reversed and remanded.

REINHARD, P. J., and CLEMENS, J., concur.

---

**3.** The amount of attorney's fees is not in dispute.