William S. BAIRD, Claimant–
Respondent,

v.

OZARKS COCA–COLA/DR. PEPPER
BOTTLING COMPANY,
Employer–Appellant,

and

Treasurer of Missouri as Custodian of
Second Injury Fund, Defendant.

No. 25458.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 2003.

Motion for Rehearing or Transfer to
Supreme Court Denied Oct. 2, 2003.

Todd A. Johnson, Ellis, Ellis, Hammons & Johnson, P.C., Springfield, for appellant.

Paul F. Reichert, Margaret A. Schlachter, Springfield, for respondent.

JOHN E. PARRISH, Judge.

 Ozarks Coca–Cola/Dr. Pepper Bottling Co. (employer) appeals a workers' compensation award by the Labor and Industrial Relations Commission (the commission) to William S. Baird (claimant). Employer contends the award was not supported by competent or substantial evidence. This court affirms.

An award by the commission will be reversed on appeal only if there is no substantial evidence to support the award or the award is clearly contrary to the overwhelming weight of the evidence. *Wilmeth v. TMI, Inc.*, 26 S.W.3d 476, 478 (Mo.App.2000). An appellate court views the evidence and all reasonable inferences therefrom in the light most favorable to the commission's award. *Id.* Deference is given to the commission on issues of witness credibility, evidentiary conflicts, weight of evidence and factual inferences. *Lorenz v. Sweetheart Cup Co., Inc.*, 60 S.W.3d 677, 679 (Mo.App.2001).

*Gaston v. Steadley Co.*, 69 S.W.3d 158, 159 (Mo.App.2002).

Claimant worked for employer from 1984 through June 1997. In November 1993, claimant sustained an injury to his lower back as a result of, and during the course of, his employment. Dr. C.C. Whitlock performed a laminectomy and discectomy at the L4–L5 level in 1994. Following the surgery, claimant was released to follow up with conservative care under the supervision of Dr. Terry Winkler. He was released to return to work in October 1994. Claimant continued to experience pain in his low back and leg. He obtained additional treatment from Dr. Winkler. Claimant received three bilateral SI joint injections in 1995 that provided relief. He also received prescription medication for sleeping. Claimant settled a workers' compensation claim with employer in 1996 for the 1993 injury.

In February 1997, claimant complained to employer of back pain experienced in the course of his work. He was examined by employer's physician who reported no finding of any new injury. Claimant returned to Dr. Winkler with complaints of pain in his lower back, buttocks and left leg. In March 1997, a MRI scan was performed. Dr. Winkler concluded that the MRI revealed a change in the L5–S1 on the left side. His opinion was that claimant re-injured his back in early 1997.

Claimant filed a claim for compensation in October 1999. He initially alleged his injury was caused by repetitive stress trauma from lifting 50–pound bags of product. He later amended the claim to allege his injury occurred when he lifted a 50–pound bag during the course of his work during January 1997.

Following a hearing, an administrative law judge found that claimant sustained permanent partial disability to 45 percent of the body as a whole as a result of the

January 1997 accident. A cash award was entered and the determination made that claimant could receive future medical care for those injuries related to the January 1997 accident. Liability was assessed against employer. The administrative law judge found no medical evidence that the 1993 injury combined with the 1997 injury to cause additional permanent disability. Following appeals by claimant and employer, the commission affirmed the award of the administrative law judge. The commission adopted the award and decision of the administrative law judge.

Employer's first point on appeal asserts that the commission erred in awarding compensation benefits to claimant because there was not competent and substantial evidence to support the award; that claimant failed to prove he sustained a new back injury in 1997. Employer argues that the evidence adduced was that the cause of the disability claimant experienced was the 1993 back injury for which he had previously been compensated.

Employer bases its argument on evidence it obtained from Dr. Thomas Corsolini. Claimant was sent to Dr. Corsolini, employer's company doctor, after complaining to employer of back pain. Dr. Corsolini examined claimant February 21, 1997. Dr. Corsolini also reviewed a MRI diagnostic study of claimant. Dr. Corsolini's opinion was that claimant's complaints of pain related to "waxing and waning of the original problem for which he was seen in 1993 and 1994."

Claimant was also examined by Dr. Terry Winkler and Dr. Norbert Belz. Claimant consulted Dr. Winkler after employer's company doctor suggested that further treatment for claimant's February 1997 complaints "should be conducted outside the Workers' Compensation system." Dr. Winkler's opinion was that claimant reinjured his back in February 1997 in the course of his employment; that an MRI scan revealed a change in the L5–S1 disc on the left side. Diagnostic studies obtained at the request of Dr. Winkler disclosed a herniated disc at L5–S1, which impinged on the left nerve root.

Dr. Belz testified that he specialized in occupational and environmental medicine. He is board certified in preventative medicine and occupational and environmental medicine. His opinion was that claimant's 1993 injury became essentially asymptomatic and in a stable condition by mid–1996; that claimant experienced a new injury between January and June of 1997. Dr. Belz's testimony was based on his experience and education, independent medical examination of claimant, and examination of outside medical records and diagnostic studies of claimant. Dr. Belz testified that his opinion was that claimant would require medical care or medications in the future as a result of the injury sustained as a result of his employment between January and June of 1997. Dr. Belz expected claimant to require ongoing medical care for his life expectancy.

The commission, adopting the opinion of the administrative law judge, concluded that the differences in the medical opinions presented should be resolved in favor of claimant. The commission found Dr. Belz to be more credible and persuasive than the evidence contrary to his findings. The commission found and concluded that claimant "sustained an injury to his low back in January 1997, and continued to injure his back during additional lifting incidents at work"; that "[t]he injury ... arose out of and in the course of [claimant's] employment with employer." The commission found that the incident or incidents should be viewed as a single work-related injury initiated when employer sustained an accident in January 1997 when he lifted a bag of lime; that this incident

caused claimant to suffer a bulging or herniated disc and a change in pathology.

 "When the right to compensation depends on the acceptance of one of two competing medical theories, the issue is one of fact and the Commission's finding will not be disturbed unless the Commission acted unreasonably in accepting testimony that was not substantial or decided the issue contrary to the overwhelming weight of the evidence." *Keener v. Wilcox Elec., Inc.*, 884 S.W.2d 744, 746 (Mo.App. 1994). The commission did not act unreasonably in accepting the medical testimony that supports the medical theory on which claimant based his claim for benefits. Giving deference to the commission's assessment of the credibility of witnesses, the commission did not decide the issue of claimant's disability contrary to the overwhelming weight of the evidence. Point I is denied.

Point II claims the commission erred in awarding workers' compensation benefits to claimant because the award was not supported by competent and substantial evidence "in that Claimant entered into a compromise settlement agreement releasing the Employer from further liability in connection with his 1993 back injury, and the Commission's Order awards additional compensation to Claimant for that same injury."

The commission found, based on medical evidence from Dr. Winkler and Dr. Belz, that claimant's injury arose from an accident that occurred between January 1997 and June 1997; that the injury did not arise from the 1993 injury for which claimant entered into a compromise settlement agreement. For the reasons stated in addressing Point I, the commission's determination in that regard is supported by competent and substantial evidence on the whole record. Further opinion with respect to Point II would have no prece-

dential value. No error of law appears. Point II is denied pursuant to Rule 84.16(b)(4) and (5). The award is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.