Gene TIDWELL, Claimant–Appellant,

v.

**WALKER CONSTRUCTION,
Employer–Respondent**

and

**Security Ins. Co. of Hartford,
Insurer–Respondent.**

No. 26159.

Missouri Court of Appeals,
Southern District.
Division two.

Dec. 16, 2004.

Daniel H. Rau, Davis & Rau, P.C., Cape Girardeau, for Appellant.

Patricia L. Musick, McAnany, Van Cleave & Phillips, P.C., St. Louis, for respondent/employer.

JOHN E. PARRISH, Presiding Judge.

Gene Tidwell (claimant) appeals a final award of the Labor and Industrial Relations Commission (the commission) denying compensation. This court affirms.

## Chronology

This appeal has followed a procedurally tortured path. The following is a chronology of relevant events occurring prior to reaching this court.

August 17, 2001 Claim for Compensation filed

October 10, 2002 Hearing before Administrative Law Judge (ALJ)

November 4, 2002 Final Award Denying Compensation entered by ALJ

November 25, 2002 Claimant filed his Application for Review by the commission

February 7, 2003 Claimant filed pleading denominated "Motion to Consider Additional Evidence and to Suspend Briefing Schedule"

March 10, 2003 Pleading opposing claimant's request of February 7 filed by C.A. Walker Construction Co. (employer) and Frank Gates U.S.A. (insurer)

March 14, 2003 The commission entered order stating claimant's request was granted and remanded case to ALJ "to hold a hearing to allow [claimant] to introduce additional evidence ... and for the employer to respond or object as appropriate"

April 8, 2003 Hearing before ALJ to receive evidence as directed commission's March 14, 2003 order

May 15, 2003 Parties file joint motion requesting the commission to remand case for ALJ to enter award upon consideration of all the evidence

May 30, 2003 Motion to remand to ALJ to render new award denied

February 10, 2004 Final Award Denying Compensation entered by the commission

## Facts

Claimant filed a claim for workers' compensation based on injuries he alleged were suffered July 2, 2001. Claimant asserted he was injured while using a chain saw to remove a tree trunk while working for employer; that he felt a pull in his low back while working with the chain saw that worsened as he continued working. Following a hearing, the ALJ found claimant did not sustain an accident resulting in injuries arising out of and in the course of his employment on the date alleged. The ALJ entered an award denying compensation. Claimant sought review of the ALJ award by the commission.

The commission entered the final award denying compensation that is the subject of this appeal. The commission's order includes the findings:

Subsequent to the trial of this matter and after the award of the [ALJ] was issued, the employee filed a motion to present additional evidence. The Commission remanded the matter to the Division of Workers' Compensation (Division) for an evidentiary hearing to introduce this evidence for consideration by the Commission.

The transcript of that remand hearing was received by the Commission, and after careful review, the Commission finds that the evidence is not newly discovered and was available to the employee prior to the trial and further that even if admitted into evidence the proposed evidence lacks the probative value necessary to cause a change in the underlying decision to deny the employee benefits. Therefore the Commission denies the employee's motion to introduce new evidence.

The commission found the award of the ALJ was supported by competent and substantial evidence and was in accordance with The Workers' Compensation Law.

The commission affirmed the ALJ's award of no compensation and incorporated the award and decision of the ALJ in the commission's award by incorporation by reference.

The findings adopted by the commission include:

The claimant was adamant that he hurt his back while using the chain saw on Monday afternoon, July 2, and that he had to leave work at noon the next day because of back pain. According to the claimant, Mr. McMullin was present on Monday running the bucket [in which claimant asserted he was located for purposes of trimming a tree at United Methodist Church in Kennett at the time of his alleged injury]. Mr. Walker [owner and operator of employer] verified that the claimant returned to Dexter with the truck early on the afternoon of July 3. However, the testimony of Bob Coleman and Robert McMullin, along with business records, show that that [sic] claimant was not working at the church on July 2, but that he was working at the Kennett school site (there was no tree trimming at the school site). That evidence further shows that the claimant last worked at the church on Thursday and Friday, June 28 and 29. He then worked for ten hours on Saturday, June 30, in Dexter at the Chamber of Commerce site. The evidence shows that Robert McMullin only worked in Kennett on June 28 and 29. The records confirm that the claimant worked during the morning of July 3 at the Kennett School.

The claimant was adamant that he told Dr. Jalal on three separate visits about the chain saw incident. However, Dr. Jalal's notes do not record any such statement. Further, Dr. Jalal's notes indicate that he had radicular symptoms for a month prior to his first visit on July 5. There was only one off-work slip from Dr. Jalal. There was no mention of a work-related accident in the radiology report from the Dexter Hospital. The first mention of a chain saw is contained in the report from Dr. Ray dated July 23, 2001. That report mentions a four-foot long chain saw and that he worked until the next day. In an independent reported dated October 19, 2001, Dr. Petkovich wrote: "He [the claimant] specifically stated he was walking on a chair rail and he twisted his lower back." He did not record anything about a chain saw. Nowhere else is a chair rail mentioned.

In his deposition, the claimant denied that he had any hobbies. Robert McMullin testified that the claimant told him he thought he hurt himself water skiing. The claimant denied that he said that. He further denied that he had a boat or that he had ever water skied. However, a physical therapy note from August 6, 2001, stated: "I [the claimant] hurt really bad on Friday night. I took my ultra-light plane over to Kentucky lake [sic] and I could not stand to drive back."

The ALJ's findings, which the commission adopted, further state:

[T]o rule in the claimant's favor, I would first have to find that Dr. Jalal on three separate occasions failed to record how the accident happened. I would also have to find that Dr. Jalal incorrectly stated that he had had radicular symptoms for a month and that the doctor had incorrectly recorded that the claimant told him he had passed a kidney stone. I would have to find that the Dexter Hospital incorrectly recorded the claimant's history. I would also have to find that Dr. Petkovich mis-recorded the mechanism of injury. To paraphrase [another ALJ], it may be possible that

one doctor mistakenly failed to note a cause of injury, but it is [sic] strains credibility to assume that three doctors did. *Mason v. Hudson Foods*, Inj. No. 94–153082 (1/28/99). I would further have to find that not only was Robert McMullin not credible, I would have to find that the employer's business records were falsified. Further, not only were they falsified, but they were falsified in such a way as to verify part of his story but not others. I would also have to ignore that the claimant did not consider ultra-light flying to be a hobby. According to the evidence, [employer] has been in business for years. They have upwards to 50 people working for them. They have workers' compensation claims as part of their business. Indeed, claims are part of the construction business. In order to find for the claimant, I would have to assume that this employer conspired to deny the employee benefits. I have not been convinced. Even assuming that the claimant got his days mixed up, he could not have been injured on the preceding Thursday or Friday. If he was injured on either of those days, he could not have work [sic] at the school for a half day the next day, nor could he have driven the truck back to the employer's office in Dexter. Assuming that the job record for Monday July 2, 2001[,] was mistaken, he could not have been injured cutting trees, because Robert McMullin was working in Dexter on that date and was not operating the bucket lift.

The commission found that "claimant was not injured on the job on July 2, 2001. On that date he was working at the Kennett school and was not trimming trees at the Kennett Methodist Church. He could not

have been injured trimming trees as he stated."

### Scope of Review

 This court's review is directed to questions of law. § 287.490.1.[1] "We accord the commission the same deference that is due to the court's judgment in a non-jury trial and are obliged to affirm if there is basis in the record for the decision." *Parker v. Springfield Ry. Services*, 897 S.W.2d 103, 108 (Mo.App.1995). The whole record is considered to determine if there is sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003).

### Issues on Appeal

 Point I contends the commission erred in denying claimant's motion to consider additional evidence. Claimant argues the additional evidence he sought to have considered (and which is a part of the record before this court) was offered to cure defects and errors in the record on which the commission relied in entering its award of no compensation.

In declining to rule in claimant's favor, the commission, pursuant to the findings of the ALJ it adopted, relied on Dr. Jalal's records concerning claimant's medical history, information contained in the Dexter Hospital's records regarding claimant's medical history, and the pronouncement in Dr. Petkovich's records concerning "the mechanism of injury." The commission further relied on employer's business records. The evidence presented at the hearing before the ALJ on remand related to an error in the report from Dr. Petkovich on which the commission relied and evidence regarding claimant's personal property tax records—evidence that those rec-

---

1. References to statutes are to RSMo 2000.

ords did not include an assessment for an ultra light airplane. Claimant further testified that he had never presented information that he had injured his back flying an airplane to the healthcare provider that related that as part of his medical history.

The part of the commission's findings to which Point I is directed is the determination that the evidence adduced at the hearing following the remand was not newly discovered evidence in that it was available to claimant before the initial hearing. Point I, however, does not question the commission's assessment "that even if admitted into evidence the proposed evidence lacks the probative value necessary to cause a change in the underlying decision to deny [claimant] benefits."

A party seeking a new trial on the ground of newly discovered evidence presented in the first incidence to the ALJ or the Commission must show the following: (1) the evidence came to the movant's knowledge since the trial; (2) due diligence would not have uncovered the evidence sooner; *(3) the new evidence is so material it would probably have produced a different result had it been presented at trial;* (4) the new evidence is not merely cumulative of evidence already presented; and (5) the evidence is not offered to impeach the character or credibility of a witness. [Emphasis added.]

*Wilson v. ANR Freight Systems, Inc.,* 892 S.W.2d 658, 664 (Mo.App.1994) (citation omitted).

Because the commission found that the "new evidence," if presented at trial, would not have produced a different result, the issue claimant asserts in Point I is moot. Point I is denied.

■ Point II states:

[The commission] erred as a matter of law as there is a lack of sufficient competent evidence to warrant the award in that the same is based upon a defective record and the overwhelming amount of evidence demonstrated that [claimant] sustained and reported a work related injury to [employer].

Rule 84.04(d)(2) provides:

Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall:

(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

. . .

Point II fails to explain in what respect evidence that was adduced overwhelmingly demonstrated claimant sustained a compensable injury. It does not explain why, in the context of the case, the legal reasons claimant relies on in claiming reversible error support the claim of error made by Point II. A point relied on that fails to meet requirements of Rule 84.04(d) preserves nothing for appellate review. *Daniel v. Indiana Mills & Mfg., Inc.,* 103 S.W.3d 302, 307 (Mo.App.2003). This court has, nevertheless, reviewed the evidence presented at trial to ascertain whether the commission's award is supported by the whole record.

■ This court is compelled to view evidence and all reasonable inferences therefrom in the light most favorable to the commission's award. *Baird v. Ozarks Coca-Cola/Dr. Pepper Bottling Co.,* 119 S.W.3d 151, 152 (Mo.App.2003). "Deference is given to the commission on issues

of witness credibility, evidentiary conflicts, weight of evidence and factual inferences." *Id.* "The commission is free to disregard the testimony of witnesses, even if no contradictory or impeaching evidence is introduced." *Cahall v. Riddle Trucking, Inc.,* 956 S.W.2d 315, 317 (Mo.App.1997). There is competent and substantial evidence, considering the whole record, which supports the commission's award. Further opinion with respect to the issue asserted in Point II would have no precedential value. The commission's determination of that issue is affirmed in compliance with Rule 84.16(b)(4). Point II is denied.

Point III argues that the commission erred in denying a joint motion for remand to the ALJ for more complete findings of fact following the April 8, 2003, hearing at which claimant presented additional evidence for the commission's consideration. The parties filed a joint motion May 15, 2003, requesting further remand to the ALJ to permit him to enter award upon consideration of all the evidence. Claimant contends the motion was a stipulation; that "party stipulations are to be enforced." He argues, therefore, failure to remand the case for entry of a new award was error.

■■■■ A stipulation relating to an interest of a party that is wholly under that party's control and does not affect the procedure of a case is binding and enforceable. *State v. Jones,* 539 S.W.2d 317, 318 (Mo.App.1975); *Hanchett Bond Co. v. Glore,* 208 Mo.App. 169, 232 S.W. 159, 160 (1921). However, a stipulation that affects the procedure of a case is not binding. *State v. Jones, supra.* Further, a stipulation in contravention of a statute is not permitted. *See International Dehydrated Foods, Inc. v. Boatright Trucking, Inc.,* 824 S.W.2d 517, 520 (Mo.App.1992).

■■■ The procedure for reviewing and considering additional evidence in a workers' compensation case is governed by statute. An ALJ has authority only "to hear and determine claims upon original hearing" absent remand by the commission "for a more complete finding of facts." § 287.610.5. Remand for purposes of a more complete finding of facts is a procedural remedy, established by statute, that is discretionary with the commission. It is not something parties may require by stipulation.

The commission permitted claimant the opportunity to identify the evidence he sought to have added to the original record as newly discovered evidence. The evidence was presented before the ALJ on the basis of the commission's March 14, 2003, order. The hearing at which the evidence was offered was held April 8, 2003. The record of the hearing enabled the commission to determine whether to admit the evidence and include it as part of the trial record. The commission determined the evidence did not qualify for admission as newly discovered evidence. This court finds no error in the procedure the commission followed and, for the reasons stated for purposes of resolving Point I, no error in its determination not to admit the evidence as newly discovered evidence. Point III is denied. The award is affirmed.

SHRUM and BARNEY, JJ., concur.